**PERRINE & PIXLEY *vs.* STRIKER.**

The act of 1837, to prevent usury, which requires the usurer to answer on oath as to the alleged usury, for the purpose of enabling the adverse party to deprive him of the money actually loaned, with the legal interest thereon, as well as of the usurious premium, is not a violation of the section of the constitution which declares that no person shall be compelled, in any criminal case, to be a witness against himself.

The surety in an usurious contract, as well as the principal debtor, is a borrower, within the intent and meaning of the fourth section of the act of May, 1837, to prevent usury, which authorizes the borrower to file a bill in chancery for the discovery of or relief against the usurious contract or security.

The act of 1837, to prevent usury, does not authorize the borrower to file a bill in chancery, for a discovery, or for relief against an usurious contract, where he has a perfect remedy and defence at law, to a suit brought upon such contract, by the examination of the plaintiff in that suit as a witness to prove the usury. And if there are any circumstances in the case by reason of which it would be impossible or difficult for the borrower to obtain perfect relief against the usurious contract at law, they should be stated in his bill in chancery, when he applies to that court for a discovery or relief.

Where the usurious contract is a negotiable security, which may be sued in the name of a third person who has no knowledge of the usury, or in the name of a plaintiff who cannot be examined as a witness in the court of law, the borrower may file a bill in chancery, under the provisions of the act of May, 1837, for a perpetual injunction and to have such usurious security delivered up and cancelled.

July 2. THIS case came before the court upon a demurrer to the complainants' bill. The object of the bill was to obtain a perpetual injunction against the prosecution of a suit at law upon an usurious note given by one of the complainants as principal, and by the other as his surety, to the defendaant, upon a loan of money. The bill stated that the note was given in March, 1836, for $300, payable in seven months, with interest ; but for which note the defendant loaned only the sum of $287,50, the residue of the $300 being deducted upon an usurious agreement that the lender was to have at the rate of fourteen per cent per annum for the use of the money loaned. And the complainants alleged that the defendant had brought a suit at law, upon the note, and that they were unable to prove the usury, on

the trial in that suit, as the facts were known only to themselves and to the defendant. The demurrer was both as to the discovery and to the relief sought by the bill. And the defendant stated, as causes of demurrer, that the discovery sought by the bill might subject him to a forfeiture, and to criminal punishment as for a misdemeanor; that Pixley, the surety, not being a borrower of the money, was improperly joined as a complainant in the bill; and that the complainants had a perfect and adequate remedy or defence at law, as the defendant in this suit might be examined by the complainants as a witness in the action at law on the note, under the provisions of the act of May, 1837, to prevent usury.

*A. C. Paige,* for the complainants. As the law stood previous to the act of May, 1837, for preventing usury, the complainant, when he filed a bill in this court for a discovery was required to pay, or offer to pay the amount equitably due. (1 *R. S.* 772, § 8. *Livingston* v. *Harris,* 3 *Paige's Rep.* 528. 11 *Wend.* 339, *S. C.*) But by the act of 1837, the legislature intended to change the law in this respect. The fourth section of that act gives the borrower the right to file a bill in this court, as well as the right to call the usurer as a witness upon the trial of his suit at law. These remedies are concurrent and cumulative. The act of 1837 declares that a bill may be filed here. That it is competent for the legislature to alter a rule of equity, as applied by the court of chancery, was conceded by Mr. Justice Sutherland, in the case of *Livingston* v. *Harris.*

The act of 1837 only alters the remedy of the borrower, by compelling a discovery of the usury by an answer on oath. But the contract itself, which was previously void, on account of the usury, is not altered in any respect by the statute.

The objection, that the act compelled the defendant to discover, by an answer on oath, matters which may subject him to an indictment and conviction as for a misdemeanor, is obviated by the last section of the statute, which prevents

the answer from being used on the trial of an indictment for the usury.

A surety is a borrower, within the spirit and meaning of the statutes relative to usury, and is entitled to the like remedies of the principal debtor. (11 *Wend.* 336, *per Sutherland, J.*) The seventh section of the seventh article of the constitution does not apply to this case ; as this is not a criminal case within the meaning of that section.

*H. B. Cowles*, for the defendant. The complainants should have offered, in their bill, to pay the principal and interest of the money received of the defendant. The defendant shows that he cannot answer the bill without subjecting himself to a criminal prosecution, and to punishment for a misdemeanor. (1 *R. S.* 772, § 2. 2 *Id.* 626, § 39, 45.)

Again ; the complainant has no right to call upon the defendant for a discovery of the usury charged in the bill ; as he can examine him as a witness in the suit at law, under the provisions of the act of May, 1837. And the discovery, if made, may subject the defendant to a forfeiture.

Pixley, one of the complainants, has no right to the discovery sought for by this bill, as he was not the borrower ; the loan having been made to Perrine alone.

The act of 1837, requiring the defendant to answer on oath, for the purpose of enforcing a forfeiture against him, is in conflict with the provision of the constitution, which declares that no person shall be compelled, in any criminal case, to be a witness against himself.

THE CHANCELLOR. The objection that the discovery sought by the bill may subject the defendant to a crimnal prosecution is not well taken. The eighth section of the act of May, 1837, to prevent usury, expressly provides that the answer of a defendant in such a case shall not be used against him before any grand jury, or on the trial of any indictment against him. Whether any criminal prosecution can be instituted in any other form against the usurer, it is not material to inquire ; for the legitimate construction of this section must be, although the word indictment only is

used, that his answer shall not be received as evidence on the trial of any criminal prosecution against him. This usurious discount was received in this case long before the passing of the act of 1837, and the defendant could not be indicted under that act, which subjects the usurer to fine and imprisonment; he is therefore not liable to any crimnal prosecution. And as he has never received any thing from the complainants, but has only made an usurious discount of a note which is not negotiable, and therefore of no value to him, it being void, no action will lie to recover back the money, under the third or fourth sections of the title of the revised statutes relative to the interest of money. (1 *R. S.* 760.) As the forfeiture of the money loaned, or the recovery of the usury where it has been received, are specific penalties prescribed for the violation of the provisions of that title, such a violation was not an indictable misdemeanor under the section of the revised statutes referred to by the counsel for the defendant on the argument. (2 *R. S.* 696, § 45, [39].) By the common law, a defendant in a suit in this court could not be compelled to answer any charge, or interrogatory, which might subject him to a penalty or forfeiture, or any loss in the nature of a forfeiture. And this principle was also applicable to witnesses in suits at law; who could not be compelled to disclose the fact of usury, where such disclosure would have the effect to deprive them of the recovery of the whole debt. (*See opinion of Sir P. York, afterwards Lord Hardwicke, in Sel. Cas. by a Solicitor,* 19. *Mauran* v. *Lamb,* 7 *Cowen's Rep.* 174.)

I may be permitted to doubt whether it is strictly consistent with the spirit of our institutions and of an enlightened legislation, to tempt the conscience of any man so far as to compel him to make a disclosure of an usurious bargain, by his answer on oath; where the necessary effect of such answer is not merely to prevent the recovery of the usurious interest, or premium, but also to deprive him of the power of ever obtaining satisfaction of the money actually lent, with the legal interest thereon. The legislature, however, has expressly authorized such a proceeding, in terms which it is impossible to misunder-

1839.

Perrine
v.
Striker.

stand, and which cannot bear any other construction. It is, therefore, the duty of courts of justice to submit to this declaration of the legislative will, and to carry the law into full effect, unless it clearly conflicts with the provisions of the constitution. The seventh section of the seventh article of the constitution declares, that no person shall be compelled in any criminal case to be a witness against himself. But I am not prepared to say that this is a criminal case, within the meaning of this provision of the constitution; although the effect of the discovery sought must necessarily be to prevent a recovery of the money actually lent, and is therefore in the nature of a forfeiture.

The objection, that the surety is made a complainant with the person who was the real borrower of the money, is not well taken. The money was lent upon the joint and several note of both complainants, and both are sued in the action at law. The surety therefore was a necessary party to this bill, as a bill for relief, whether he could file a bill alone and in his own name or not. (*Bailey* v. *Inglee*, 2 *Paige's Rep.* 278.) I am moreover inclined to think that both the principal debtor and the surety are to be considered in this case as borrowers, within the meaning of the act of May, 1837. And this is in accordance with the opinions expressed by Justice Sutherland and Senator Tracy in the case of *Livingston* v. *Harris*, in the court for the correction of errors, (11 *Wend. Rep.* 329.)

The remaining question is whether the bill shows a case entitling the complainants to come into this court, either for discovery or relief. As this note is not negotiable, and must therefore be sued again in the name of this defendant, even if the present suit at law in his name is discontinued, it is very evident that a discovery, by the aid of this court, is not necessary to enable them to prove the usury upon the trial of any action at law which may be brought upon the note. For the statute expressly authorizes the defendant in a suit at law, where the defence of usury is set up in the plea or notice, and verified by oath, to examine the plaintiff as a witness to prove the usury. (*Laws of* 1837, *p.* 487 § 2.) It is true, the statute of 1837 declares that the usur-

er may be compelled to answer, on oath, any bill that shall be exhibited against him in this court for relief or discovery or both. But it could not have been the intention of the legislature to compel the court of chancery to take jurisdiction of every question of usury, although a perfect remedy, both as to discovery and relief, could be had in the court of law. If this note was negotiable, so that it had been or could be sued in the name of a third person who knew nothing of the usury, or who, not being the usurer, could not be examined as a witness, for the borrower, in the court of law, it might be a proper case to come into this court for a perpetual injunction, or to have the usurious note delivered up and cancelled, as authorized by the act of 1837. But upon the case as made by this bill, I do not see any ground whatever to justify this court in withdrawing the question of usury from the consideration of a jury, in the court of law, where the suit upon the note was brought. If there are any special circumstances, by reason of which the complainants would be deprived of the benefit of the defendant's evidence in the suit at law, they should have been stated in the bill; and the complainants may now be permitted to state them by way of amendment. But as the case now stands, the demurrer must be allowed. And the bill must be dismissed with costs, unless the complainants shall within twenty days amend their bill, and pay the costs of the demurrer and of the argument thereof.