## SKINNER *vs.* CHRISTMAS and others.

Where A had purchased mortgages of B at an usurious rate, with the guarantee of B for the full payment of the amount of the mortgages, and suits at law had been commenced against B upon his guarantee, and B files his bill to set aside the assignment and avoid the guarantee,—Held, that B had an adequate defence at law upon the question of usury, and a demurrer to the bill for this cause, was therefore allowed.

*E. Fitch Smith,* for complainant.

*John L. Talcott,* for defendants.

THE VICE CHANCELLOR. This cause is brought on to a hearing upon a demurrer put in by three of the defendants. The bill sets forth that in February, 1837, the complainant made an agreement with the defendants for the loan of $15,000—$10,500 of which was to be paid in cash, and $4,500 in B. Rathbun's notes, whose value was not then equal to par, he being insolvent. The loan was to be secured by the assignment of bonds and mortgages. Bonds and mortgages to the amount of $15,000 were assigned by the complainant to the defendants, who in his assignment covenanted to pay the amount for which they were assigned. The bill charges that the complainant received thereon only $10,500, and never received the Rathbun notes; that the agreement for the loan was usurious; and prays that the covenants executed under it may be declared void. Suits were commenced in 1838 by the defendants, in the Su-

preme Court, against the complainant, upon his co-
venants contained in the assignments of the bonds and
mortgages.

The demurrer put in by three of the defendants, sets up various grounds of demurrer, only one of which I shall consider, as the others are deemed insufficient.

The bill in this case is framed upon the ground that the agreement for the loan was usurious ; that the covenants on the part of the complainant, were therefore void—the assignment void ; and that the bonds and mortgages so assigned, should be restored to the complainant, and that without the payment of any portion of the money loaned. This is the scope of the charging part of the bill, and the object of its prayer. In such aspect of the bill, the demurrer for one of its causes avers that the complainant has an adequate remedy at law.

The agreement in this case was made previous to the passage of the act to prevent usury, of 15th May, 1837 ; but the remedy by which it was sought to be enforced by the defendants, was not instituted until after that act became operative. By the second section of that act, the defendant at law could have availed himself of the defence of usury and of the testimony of the plaintiffs, by complying with the provisions of that section. So far as the question of usury is concerned, the remedy of the complainant was adequate at law, in an action on the covenants. This case seems to me, as it is framed, to present nearly all the points presented in the case of Perrin *vs.* Stryker, 7 Paige, 598 ; and it is only necessary to refer to that case to obtain the grounds of the decision in this, which are, that the defendant at law

Aug. 1840.

Skinner
v.
Christmas
and others

had a sufficient defence at law under the act of 1837; and in view of that fact, it is neither necessary nor proper for the court of Chancery to assume jurisdiction; neither does that statute in such cases compel this court to take jurisdiction.

This conclusion is, however, arrived at in contemplation of the question of usury solely, as that seems to be the sole ground of the complainant's bill. But the facts set up in the bill might warrant another ground of relief, if the bill was properly shaped to meet it.

Though the agreement should not prove to be usurious, yet the complainant might, under a certain state of facts, have partial relief; and to prove such a state of facts, the plaintiffs at law are not competent witnesses. But there is no averment in the bill that the complainant cannot prove this state of facts, aside from the testimony of the plaintiffs at law. If the complainant is inclined to amend his bill so as to present these facts with proper averments, I shall allow such amendment. In this stage of the case, the demurrer must be allowed as to the defendants' demurring, and the bill as to them dismissed with costs, unless the complainant shall within twenty days amend his bill, and pay the costs of the demurrer and of this argument.