## Morse vs. Hovey & Thayer.

The surety in a usurious contract has a right to set up the defence of usury to a suit brought against him and the principal debtor on such contract, and to file a bill in chancery, if necessary, to establish the defence ; although the principal debtor refuses to join as a complainant in the bill. But he has no right to make the principal debtor a complainant in the suit without his consent.

Where two persons have a common interest in obtaining relief against a joint contract, and one of them refuses to join with the other in a bill to obtain such relief, the proper course is to make him a defendant in the suit ; stating such refusal as an excuse for not making him a co-complainant. And if the bill does not state such excuse the other defendants may demur.

A bill for relief against a usurious contract can only be filed where it is necessary to aid a defence at law, or to remove a usurious incumbrance which is a cloud upon the complainant's title to real property, or which may be used at law to his injury, or in such a manner that he could not interpose a legal defence if he was sued thereon in a court of law.

Where a usurious negotiable note was made before the act of 1837 repealing the provision of the revised statutes making such notes valid in the hands of bona fide holders, it cannot be transferred subsequent to the passing of that act so as to prevent the maker of the note from setting up the defence of usury.

This case came before the chancellor upon a demurrer **May 4** by the defendant Hovey to the complainant's bill. The object of the bill was to obtain a decree for a perpetual injunction, restraining the defendant Hovey from proceeding at law against the complainant for the recovery of a promissory note signed by the latter as the surety of the defendant Thayer, which note was alleged to be usurious, and to have such note declared void. The defendant Hovey demurred to the bill, and alleged for causes of demurrer that Thayer, one of the makers of the note, was made a defendant instead of a complainant in the suit, he having a common interest with his surety in the relief sought by the bill ; and that if the allegations in the bill were true the complainant had a perfect defence at law.

*S. Stevens,* for the complainant.

*S. Beardsley,* for the defendant Hovey.

THE CHANCELLOR. The complainant, standing in the situation of a mere surety for Thayer, has a right to set up the defence of usury to the note, and to file a bill in this court if necessary to establish that defence ; although the principal debtor should refuse to join in such defence, or to become a party complainant in the bill. The surety has no right to file a bill in the name of the principal debtor without his consent. And the only remedy in such a case is to make the party having a common interest with the complainant who wishes to file a bill for relief here, a party defendant ; alleging as an excuse for doing so, that he would not consent to join as a complainant in the suit. (*Calvert on Part. in Eq.* 11, *note* 3.) No such allegation is contained in the bill in this case ; nor is there any thing stated from which it can fairly be inferred that Thayer was unwilling to join in the bill as a party complainant. I am inclined to think, therefore, that objection is well taken by this special demurrer. It is, however, an objection of form merely which the court would, of course, permit the complainant to obviate by amending his bill, upon the usual terms, and making Thayer, the principal debtor, a co-complainant ; or by inserting the proper allegation that he declined to allow his name to be thus used ; or by stating some other excuse for making him a defendant instead of a complainant in the suit.

But the objection, that there is nothing in the complainant's bill to show that he has not a perfect defence at law upon the note, is an objection which goes to the jurisdiction of the court ; and such an objection, when taken in this stage of the suit, is fatal to the complainant's right to sue here. In the case of *Perrine* v. *Striker,* (7 *Paige,* 598,) I came to the conclusion that the legislature, by the act of May, 1837, to prevent usury, did not intend to transfer to this court concurrent jurisdiction with courts of law

in every case of a usurious contract; but merely to give to this court the power to exercise its jurisdiction in those cases where it was necessary to aid the defence of usury; or to remove usurious securities which were a cloud upon the complainant's title to real property, or which might be used at law to his injury, or in such a manner that he could not interpose a legal defence to a suit on them in a court of law. Here the note is alleged to be negotiable, so that it may be sued in the name of a third person; and if the bill had contained an allegation that the usury could only be proved by the oath of the defendant Hovey, it might possibly have presented a case for the interference of this court. But it is not pretended in this case that the knowledge of the alleged usury is confined to the defendant Hovey and the other parties to this suit, or that any discovery from Hovey is necessary to enable the complainant to avail himself of the alleged usury as a defence in a suit at law upon the note; by whomsoever such suit may be brought. On the contrary, the complainant shows by his bill that no discovery, whatever, from the defendant Hovey is necessary to establish the alleged usury; as an answer on oath is expressly waived. Although the note was given previous to the act of May, 1837, it cannot be transferred to a bona fide purchaser who will have the right to collect it notwithstanding the usury; as the note had become due long before the filing of this bill, and had not been transferred previous to the first of July, 1837, when that act took effect.

The demurrer must therefore be allowed and the bill dismissed as to the defendant Hovey, with costs.