MINTURN vs. THE FARMERS' LOAN AND TRUST COMPANY.

Usury does not of itself constitute a ground of jurisdiction in a court of equity.

And the act of 1837, to prevent usury, does not enlarge the powers of courts of equity in this respect.

Where an action at law was commenced to recover upon a contract alledged to be usurious, and the defendant in the action filed a bill in chancery praying for an injunction to restrain the proceedings, but alledging no defect in the means of establishing his defence at law, *held*, that the bill could not be sustained.

And where it is not shown that the defence is unavailable without the aid of a court of equity, a bill in chancery can not be sustained for the purpose of restraining an action at law on the ground that the note or demand in suit was received by the plaintiffs, a corporation, without authority under their charter, or in violation of the restraining act.

In November, 1842, Minturn filed the bill in this cause against the Farmers' Loan and Trust Company, praying for an injunction to stay the proceedings in an action at law which the company had instituted against the complainant to recover the sum of $5405,51, due from the latter upon a note or promise in writing. The vice chancellor of the first circuit, after hearing the cause on pleadings and proofs, dismissed the bill with costs, and his decision was affirmed by the supreme court on appeal. The plaintiff appealed to this court. The questions in the case are stated in the opinion delivered by HARRIS, J.

*D. D. Field*, for appellant.

*W. Curtis Noyes*, for respondents.

HARRIS, J.   The most general description of a court of equity is, that it is a court having jurisdiction in cases where a plain, adequate and complete remedy can not be had, at law.   There are exceptions and limitations to this general proposition, but none, I think, which can give such a court jurisdiction of this case.   The plaintiff filed his bill to arrest a trial at law, and transfer the litigation to the court of chancery.   He asks for no discovery, and alledges no defect in the means of establishing his defence at law.   The defendants, in their answer, object to the jurisdiction of the court on the ground that the remedy at law is perfect.   The objection was in time, and, unless there is something in the grounds upon which the plaintiff has sought the interposition of a court of equity, which gives it concurrent jurisdiction with a court of law, the objection must prevail.

Assuming that the transactions between the parties are correctly stated by the plaintiff, and that they make out a case of usury, yet, before he can transfer the litigation from the court of law in which it had been commenced to a court of equity, it must appear that he will be deprived of some legal or equitable right if the action at law is suffered to proceed.   The mere allegation of usury has never been regarded as a ground of equity jurisdiction.   No instance can be found in which a court of equity has interfered upon that ground alone.

It seems to have been supposed by the plaintiff's counsel that the statute of 1837 (*Sess. L.* 1837, *p.* 486, §§ 4, 5) enlarged the jurisdiction of the court of chancery so as to embrace such a case.   But such has never been the construction of that statute. This precise question was before the chancellor in *Perrine* v. *Striker*, (7 *Paige*, 598,) where it was held that the act referred to did not authorize a borrower to file his bill in chancery for discovery or relief against an usurious contract, when he had a perfect defence at law.   The same view of the statute is expressed in *Morse* v. *Hovey*, (9 *Paige*, 197.)   In that case the

chancellor says, "the objection, that there is nothing in the bill to show that the complainant has not a perfect defence at law, is an objection which goes to the jurisdiction of the court. Such an objection, when taken in this stage of the suit, is fatal to the complainant's right to sue here." The object of the act of 1837, undoubtedly was, to enable a borrower, when for any reason he found himself unable to make his defence at law, and was therefore obliged to resort to a court of equity for discovery or relief, to do so, without the former pre-requisite of paying or tendering the sum actually borrowed. The act did not enlarge the class of cases in which a bill in chancery might be filed, but merely changed the terms, upon which the borrower might obtain relief in that court. When the bill is properly filed, on the ground of the borrower's inability to obtain perfect relief at law, then, by the 5th section of the act, it is made the duty of the court of chancery, if the usury is admitted, or proved, to proceed to declare the security void, &c. There is nothing in the act which indicates an intention to extend the jurisdiction of the court of chancery beyond the cases which were before cognizable in that court.

Another ground upon which the plaintiff seeks to sustain the jurisdiction of the court of chancery in this case is, that as between him and Murray, the relation of principal and surety existed, and the transactions between the defendants and Murray were such, as to discharge him from his liability to the defendants. If the plaintiff had been a mere surety for Murray, and, without his consent, an arrangement had been made between the defendants and Murray to extend the time for payment, the plaintiff would, undoubtedly, have been discharged from his liability. Such a defence was, originally, available, only in a court of equity, but now, whatever will operate in equity to discharge a surety, on a simple contract, will have the same effect as a defence in an action at law. But the general rule that a court of equity has no jurisdiction where the plaintiff has an adequate remedy at law does not apply to such cases. Having had exclusive jurisdiction originally, that jurisdiction will not be

surrendered because the same defence may now be available at law. (*Sailly* v. *Elmore,* 2 *Paige,* 497.)

But the difficulty in the plaintiff's case is, that it does not present a state of facts to which this principle is applicable. The transaction in January, 1839, was between the plaintiff and the defendants. Murray was in no way connected with it, and throughout all the subsequent transactions, I think the plaintiff, at least as between him and the defendants, is to be regarded as a principal and not as a surety. He made the original loan, on his own account, and his relation to the defendants was not subsequently changed. The agency of Murray in the transaction seems to have been rather because he was the plaintiff's debtor, than because the plaintiff was his surety. If, therefore, the transactions between Murray and the defendants can be made available at all, for the protection of the plaintiff, it must be upon the ground that they amounted to a payment of the defendants' demand, and not because any thing had been done to discharge him as a surety.

The other grounds of defence upon which the plaintiff relies are, that the defendants had no authority by their charter to receive such a note, and that the transaction was a violation of the restraining act. It is not claimed that either of these is the subject of equitable jurisdiction. I concur, therefore, in the conclusion of the supreme court, that the plaintiff's bill should be dismissed with costs, but without prejudice to his right to avail himself of any ground of defence set up in the bill upon the trial at law.

The decree improperly omits to provide that the plaintiff may have the benefit of the grounds of defence upon which he relies, upon the trial at law. In this respect it is not in accordance with the decision of the court. Nor did the subsequent amendment of the decree, by consent of the defendants' counsel, make it what it ought to have been. It is true, the vice chancellor had come to the conclusion that there was no usury in the transaction, but there is nothing which shows that the supreme court were of the same opinion. On the contrary, that court put its decision upon the distinct ground, that no circumstances are

stated in the bill, which require a court of equity to take jurisdiction of the cause.   "If," says Mr. Justice Willard, ".the note or obligation in question is void for *usury*, or if it has been *paid*, or if it is void by reason of its being taken in violation of the defendants' charter, or the restraining act, *in either case*, the matter is available as a defence to the action now pending at law, on the note, and in that form the cause ought to be heard."

The proper disposition of this case, in my judgment, is, so to modify the decree of the supreme court, as to dismiss the plaintiff's bill with costs, upon the sole ground that it is not a case of equitable jurisdiction, and declare that the plaintiff is to be at liberty to avail himself of the grounds of defence, stated in the bill, upon the trial at law, to the same extent as if the bill had not been filed.   Neither party should have costs upon this appeal.

Ordered accordingly.