ARCHIBALD M. ALLERTON, Respondent, *v.* WILLIAM H. BELDEN, Impleaded, &c., Appellant.

(GENERAL TERM, FIRST DEPARTMENT, FEBRUARY, 1871.)

The complaint, in an action by the indorser to obtain a decree for cancellation of a promissory note on the ground of usury, alleged that the plaintiff had united in procuring the loan with the makers of the note, and had signed as indorser at the lender's request.—*Held*, that the plaintiff was a borrower within the meaning of section 4, chapter 430, Laws 1837. Whether a mere surety is not within the meaning of that act—*Quere.*

THIS was an appeal from a judgment for plaintiff on demurrer to the complaint, in an action to cancel a promissory note for usury.

The complaint alleged, that the plaintiff upon receiving from the makers, as indemnity, a mortgage on the lease, furniture, &c., of the Washington Hotel, indorsed the note in suit; that Belden discounted the note at an usurious rate, the usury being

Allerton *v.* Belden.

specifically set out; that the makers did not pay the note at maturity, but notified plaintiff that it was usurious and void, that plaintiff then requested Belden to bring suit to recover the amount which he claimed to be due on the note, and he refused.; that if plaintiff should pay Belden the amount which he claimed to be due on the note, the makers and mortgagors could and would successfully resist, on the ground of said usury, any attempt by plaintiff to recover from them the amount so paid or to enforce the indemnity, that said lease would expire May 1st, 1870, and the mortgaged chattels were rapidly becoming worthless, and the said makers had become insolvent; that the facts as to the usury were not within plaintiff's personal knowledge, and that Belden might delay an action on the note (and so intended) until plaintiff's indemnity had become worthless, and proof of the usury impossible; and that without the aid of this court, plaintiff was in danger of being irremediably injured to the amount of $6,000 (the face of the note), with accumulated interest, "by reason of defendant's refusal to prosecute an action to recover the amount which he claimed to be due on said promissory note," of which a copy was annexed to and made a part of the complaint.  Other allegations were made which sufficiently appear in the opinion of the court.

The only ground of demurrer specified, was that the complaint did not state facts sufficient to constitute a cause of action.

The demurrer was overruled at Special Term, in October, 1869, with leave, &c.  Defendant failed to answer within the twenty days allowed; and judgment having been entered, adjudging the note and indorsement void "as against the plaintiff," the defendant Belden appealed therefrom.

*Marsh & Wallis,* for the appellant.

*Robert Jackson,* for the respondent.

Present—INGRAHAM, P. J., and CARDOZO, J.

INGRAHAM, P. J. The complaint in this case alleges, that the firm of Freeman & Son requested the plaintiff to aid and assist them in procuring a loan from the defendant, Belden, and offered plaintiff as security a chattel mortgage. That the plaintiff agreed to aid, assist, and unite with the firm in procuring such loan, and the defendant agreed to make the loan on receiving the note of Freeman & Co., indorsed by plaintiff. That for the purpose of procuring the loan, and at the request of Belden, the plaintiff indorsed the note and the loan was made, and that the note was made on an usurious agreement. The plaintiff asks for relief in equity, directing the note be adjudged void.

It is claimed that the plaintiff was only a surety, and that as such he cannot maintain this action. In *Perrine* v. *Striker* (7 Paige, 602), and *Livingston* v. *Harris* (11 Wend., 336), the opinion was expressed that a surety was a borrower within the meaning of the statute, and was entitled to relief in equity against an usurious contract. In *Vilas* v. *Jones* (1 N. Y. Rep., 274), these opinions were reviewed by BRONSON, J., and he expressed a contrary opinion, viz.: That the surety was not a borrower within that statute. In neither of these cases was the question necessary to the decision of the cases, and the same was disposed of on other grounds. In the latter case, GARDINER, J., did not concur with BRONSON, J., as to the surety, and JEWETT, C. J., only concurred upon the ground that the plaintiff was too late after judgment to resort to the remedy sought. The other members of the court, without expressing any opinion, concurred in the conclusion. It can hardly be said, therefore, that either of these cases can be considered an authoritative expression of opinion, binding on other courts, and the question is still open for discussion.

There can be no doubt that the surety as well as the principal may set up the defence of usury in an action upon the note. (*Billington* v. *Wagoner and others*, 33 N. Y., 31.) And as such he is entitled to the same remedies as the principal debtor, unless the act of 1837, by the term borrower,

intended to exclude the surety. I do not, however, deem it material to decide this question in disposing of this case.

The complaint contains the averment, that the plaintiff united in procuring the loan with the firm of Freeman & Son, and that for the purpose of procuring the loan, the plaintiff and Freeman & Son gave the note in this form at the request of defendant, Belden. Whatever might be the conclusion as to the right of a mere surety, the present case shows the plaintiff to be a party to procuring the loan, and therefore, entitled to this remedy as a borrower within the meaning of the statute.

The form in which the parties completed the securities to the defendant on procuring the loan would be immaterial, as it was so done at the request of the lender of the money.

The demurrer was properly overruled.

Judgment affirmed with costs.