ARCHIBALD M. ALLERTON, Respondent, *v.* WILLIAM H. BELDEN, impleaded, etc., Appellant.

An accommodation indorser of a note discounted at a usurious rate of interest, who did no act toward procuring the loan except to indorse the note, is not a borrower, within the provisions of the Revised Statutes (1 R. S., 772, § 8), as modified by the act of 1837 (Laws of 1837, chap. 431, § 4), which dispenses with an offer to pay interest or principal where the borrower seeks relief in equity against a usurious security.

The mere fact that a party has made an agreement or given a security which is void for usury, is not sufficient to entitle him to apply to a court of equity to have the contract annulled. The right to this relief exists only when, from the form of the security, the defence cannot be made available at law, or where the instrument sought to be avoided is a cloud upon the title to land, or some other necessity for the interposition of a court of equity is shown.

The act of 1837 does not authorize the institution of an action in equity to annul a contract for usury, in any case where such an action could not have been maintained before the passage of that act; it simply changes the terms upon which the borrower can get relief.

(Argued April 18, 1872; decided May 21, 1872.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, affirming a a judgment overruling demurrer to plaintiff's complaint. (Reported below, 3 Lans., 492.)

The complaint alleges, in substance, that the plaintiff indorsed the note of the defendants, Freeman & Son, for $6,000, for their accommodation, and to assist them in procuring a loan from defendant Belden; that he received, as security against loss or damage by reason of such indorsement, from Freeman & Son, an assignment of a lease and a chattel mortgage; that after being indorsed, said note was transferred to the defendant Belden on a usurious consideration, he advancing thereon the sum of $5,600; that other persons, viz., the defendants, Judah Swift and Charlotte Freeman, are in possession of the mortgaged property, and claim to be the owners thereof, and claim to resist said mortgage on the ground of usury; that such mortgaged property is rapidly becoming worthless; that the makers of the note are, and were wholly insolvent; that they did not pay the note at maturity, but notified plaintiff that it was usurious and void; that plaintiff has requested the defendant Belden to bring an action on the note, which he has refused to do; that Belden intended to delay action until plaintiff's indemnity became worthless and proof of the usury impossible; and that, without the aid of the court, plaintiff is in danger of being injured to the amount of the note. Complaint prays that said promissory note be declared void.

A demurrer was interposed to this complaint, on the ground that it did not state "facts sufficient to constitute a cause of action." The demurrer was overruled and judgment entered in favor of the plaintiff, declaring the note and indorsement void as to him, and enjoining the defendant Belden from prosecuting it.

*William F. Shepard* for the appellant. Plaintiff is not a borrower within the meaning of the statutes. (1 R. S., 772, § 8; Laws 1837, chap. 487; *Vilas* v. *Jones*, 1 N. Y., 274, 278.) The old equity rule still prevails, that one seeking relief from a usurious contract must first return the actual loan. (*Post* v. *Bank of Utica*, 7 Hill, 391; *Rexford* v. *Widger*, 2 N. Y., 131; *Schermerhorn* v. *Talman*, 14 id., 93;

*Beecher* v. *Ackerman*, 1 Abb. [N. S.], 141.) The statutes above referred to do not enlarge the cases in which the equitable interposition of the court may be sought, but only change the terms by allowing the borrower to sue without the previous requisite of paying the amount loaned. (*Livingston* v. *Harris*, 11 Wend., 330; *Perrine* v. *Striker*, 7 Paige, 598; *Morse* v. *Hovey*, 9 id., 197; *Minturn* v. *Farmers' Loan and Trust Co.*, 3 N. Y., 498; *Williams* v. *Fitzhugh*, 37 id., 444.) Where defendant does not show any defect in means of establishing his defence at law, an action in equity cannot be maintained. (*Minturn* v. *Farmers' Trust Co.*, 3 N. Y., 498.) The present possessors of the property cannot set up usury in avoidance of the mortgage. (*Williams* v. *Tilt*, 36 N. Y., 319; *Billington* v. *Wagner*, 33 id., 31.)

*Robert Jackson* for the respondent. A demurrer to the jurisdiction, or for want of capacity to sue, must specify those grounds. (Code, §§ 144, 145; *White* v. *The Mayor, etc.*, 6 Abb. Pr. R., 6; *Fulton Fire Ins. Co.* v. *Baldwin*, 37 N. Y., 648, 651; *The Phœnix Bank* v. *Donnell*, 40 id., 414.) Facts conferring jurisdiction are sufficiently alleged. (*Baker* v. *Shelbury*, 2 Freem., 183; 1 Spence. Eq. Jour., 659, note *g*; *Minturn* v. *Farmers' Loan and Trust Co.*, 3 N. Y., 498; *Brooks* v. *Avery*, 4 id., 225; *Williams* v. *Fitzhugh*, 37 id., 444, 449.) Plaintiff is a borrower, within the meaning of section 4 of the act of 1837. (4 Edm. Stat. at Large, 460; *Livingston* v. *Harris*, 11 Wend., 330; *Perrine* v. *Striker*, 7 Paige, 598; *Cole* v. *Savage*, 10 id., 583; *Post* v. *The President of the Bank of Utica*, 7 Hill, 391; *Vilas* v. *Jones*, 1 N. Y., 274; *Billington* v. *Wagoner*, 33 id., 31.)

RAPALLO, J. The facts alleged in the complaint show that the plaintiff was an accommodation indorser of the note in question. The allegation is in substance that E. D. Freeman & Son applied to him to aid and assist them in procuring the loan from Belden, and offered that if he would unite with them in procuring the loan *by indorsing the note*, they would

give him a chattel mortgage as indemnity, and that he con-. sented to do so. The money advanced by Belden on the note is alleged to have been paid by him to or for the use of E. D. Freeman & Son.

On these facts the plaintiff was not a principal in the transaction, but a mere surety. He received no part of the money advanced, it was not advanced for his benefit, and he did not negotiate the note, or pay or agree to pay any usury. He did no act toward procuring the loan, except to indorse the note. The language of the complaint characterizing this act as uniting in procuring the loan, does not change its legal effect. Upon the allegations of the complaint an action for money lent could not have been maintained by Belden against the plaintiff. He was liable only upon his indorsement.

We think that the plaintiff cannot under these circumstances be held to be the borrower, but that he was only surety for the borrower, and that consequently he is not entitled to avail himself of the provisions of the Revised Statutes (1 R. S., 772, § 8), as modified by the act of 1837, which dispense with an offer to pay interest or principal where *the borrower* seeks relief in equity against a usurious security. It may be difficult to assign any good reason why the legislature should not have extended to a surety, in such a case, the same privilege which they have afforded to the principal debtor, but as they have in terms confined the benefits of the provision to the borrower, we cannot remedy this supposed defect, by giving to the word "borrower" a construction of which it is not justly susceptible.

We have examined the cases of *Livingston* v. *Harris* (3 Paige, 528, and 11 Wend., 330); *Perrine* v. *Striker* (7 Paige, 598); *Morse* v. *Hovey* (9 id., 197); *Cole* v. *Savage* (10 id., 583); and *Post* v. *Bank of Utica* (7 Hill, 391). In none of these cases was the precise point now under consideration adjudicated. In *Livingston* v. *Harris, Perrine* v. *Striker*, and *Morse* v. *Hovey*, the complainant was a joint, or joint and several, maker of a note which had been negotiated for less than its full amount, and was thus on the face of the

instrument a party to the usurious contract, though in fact he signed only as surety. Some stress is laid upon this fact, though perhaps it is not very material. In the present case the plaintiff was merely an indorser and did not make the agreement for the usurious discount. That agreement is in the complaint alleged to have been made between Belden and the firm of E. D. Freeman & Son, who negotiated the note. In *Cole* v. *Savage* the chancellor extended the meaning of the word "borrower" so as to include the grantee of a mortgagor, but that construction was overruled by the Court of Errors in 7 Hill, 391, and by this court in *Rexford* v. *Widger* (2 N. Y., 131); and in *Schermerhorn* v. *Talman* (14 N. Y., 93). The cases above referred to contain *dicta*, favoring the view that the term "borrower" should be construed to include a surety, but the cases were all of them disposed of on other grounds, and we have come to the conclusion that the observations of BRONSON, J., upon this point, in *Vilas* v. *Jones* (1 N. Y., 274), embody the better opinion.

The dispensation in favor of the borrower contained in the Revised Statutes (1 R. S., 772 § 8), and in the act of 1837, not extending, therefore, to the plaintiff in this action, the omission of an offer to repay the amount actually loaned rendered the complaint fatally defective, and the demurrer should have been sustained upon that ground. (*Post* v. *Bank of Utica*, 7 Hill, 391.) The case of *Schermerhorn* v. *Talman* (14 N. Y., 93), and the authorities referred to at page 129, holding that relief may be granted though the bill contains no such allegation or offer, and that the terms may be imposed by the decree, are expressly confined to cases where the defendant answers and goes to a hearing without interposing any demurrer.

But, aside from this objection, the plaintiff fails to show himself entitled to relief in equity, for another reason. The allegations in his complaint disclose a perfect defence at law to any action which might be brought against him on his indorsement, and no fact is stated, showing any necessity for the interposition of a court of equity, or entitling the plaintiff to become an actor in the matter. The mere fact that a party

has made an agreement or given a security which is void for usury, is not, and never was, sufficient to entitle him to apply to a court of equity to have the contract annulled. The right to this relief exists only where from the form of the security the defence cannot be made available at law, or where the instrument sought to be avoided is a cloud upon the title to land, or some other necessity for the interposition of a court of equity is shown. The most usual ground for going into equity in such cases formerly was the necessity for a discovery, to prove the usury.

Bills of discovery being now abolished, some ground which formerly would have justified the filing of a bill for relief must appear in the complaint, or it shows no right of action. (11 Wend., 336, 3 N. Y., 498.) The act of 1837 does not authorize the institution of an action in equity to annul a contract or instrument for usury, in any case in which such an action could not have been maintained before the passage of that act. It merely changes the terms upon which the borrower may obtain relief in a proper case. (*Minturn* v. *Farmers' Trust Co.* (3 N. Y., 498, and cases before cited; 11 Wend., 330; 7 Paige, 598; 9 id., 197.) The only facts upon which the plaintiff bases his claim to relief are that the defendant Belden refuses to bring an action, and that the witnesses to prove the usury may die, and also that the property which is mortgaged to the plaintiff as indemnity is deteriorating in value. There is nothing in these allegations showing any occasion for an action of this description. If the complaint is true, the plaintiff has no need of indemnity. If he is apprehensive that his witnesses may die, he may perpetuate their testimony under the provisions of the Revised Statutes. If the danger of the death of witnesses were a sufficient ground for an action for relief, every case of usury where the lender has not sued at law may be brought by the borrower into a court of equity. No authority has been cited sustaining an equitable action on such grounds; but on the contrary, it has been uniformly held, that where a perfect remedy, both as to the discovery and relief, can be had at law,

an action in equity cannot be maintained, and that this objection is available on demurrer. (11 Wend., 336; 7 Paige, 602, 603, and cases before cited.)

The judgment appealed from should be reversed and judgment rendered for the defendant on the demurrer, with costs, but with leave to the plaintiff to amend his complaint on the payment of costs of the demurrer and appeals in the court below and in this court, within thirty days from the notice of the filing of the remittitur in the court below.

CHURCH, Ch. J., GROVER and FOLGER, JJ., concur.

PECKHAM, J., concurs on first ground stated.

ALLEN, J., concurs on second ground.

Judgment in accordance with opinion.