## SUPREME COURT.

ALICE BUCKINGHAM, as executrix of the last will and testament of JAMES HORNER, deceased, and as trustee under said will for SUSAN HORNER, agt. ERASTUS CORNING and ANDREW KIRKPATRICK, as receiver of the partnership estate of JAMES HORNER & Co.

*Borrower—Usury—Relief in equity—Tender of amount borrowed —Construction of statute.*

A legatee, devisee or executrix of a "borrower," is not a "borrower," within the usury laws, and cannot maintain an equitable action for relief against a usurious mortgage, without a tender before suit brought of the sum borrowed.
The rule of the construction of this statute, examined and explained.

*Special Term, October,* 1881.

DEMURRER to complaint. The judgment of the special term, rendered upon the demurrer in this case, was affirmed by the general term, which adopted the following opinion of the special term (*S. C.,* 26 *Hun,* 473). The court of appeals affirmed the judgment of the general term, March 6, 1883.

*Amasa J. Parker,* for defendant Corning.

*Theodore W. Dwight,* for plaintiff.

VAN VORST, *J.* — This action is brought to have a bond and mortgage declared to be void for usury, and that it be delivered up and canceled.

Buckingham agt. Corning.

The defendant Corning demurs to the complaint, first, upon the ground that there is a defect of parties, and second, because it does not state facts sufficient to constitute a cause of action. The defect in this latter regard being, as is claimed, that the complaint does not allege a tender of, or an offer to pay the sum borrowed, with the interest thereon.

An examination of the complaint shows that the plaintiff is the sole residuary devisee and legatee, under the last will and testament of James Horner, deceased, and that she is the sole executrix and trustee under such will. A portion of the residuary estate she holds in trust for her sister Susan Horner.

The bond and mortgage which are sought to be annulled, were executed by James Horner, the plaintiff's testator, and James Ludlum, on the 23d day of August, 1866, to Erastus Corning, since deceased. At the time of the execution and delivery of these obligations, Horner and Ludlum, the mortgagors, were partners, doing business in the manufacture and sale of steel in New York and New Jersey, under the firm name of James Horner & Co. The lands mortgaged were situated in the state of New Jersey; they had been acquired with copartnership money, and were owned by the partnership.

The money, which the bond and mortgage were given to secure, had been loaned by Erastus Corning in his lifetime to the firm of James Horner & Co., upon an agreement and terms that were usurious. The firm of James Horner & Co was continued until its dissolution, through the death of James Horner, in June, 1874.

Ludlum, as surviving partner, managed the affairs for a time, as such, but by a decree of the court of chancery of the state of New Jersey, he was afterwards appointed receiver of all the property of the firm. But in the year 1879 he was removed from his office as receiver, and the defendant Andrew Kirkpatrick was appointed receiver in his place, and has as such become vested with all the property and estate of the late firm, and is engaged in winding up its affairs, which are still unsettled.

The bond and mortgage are now held and owned by the defendant Erastus Corning, the son of the mortgagee, which came to him from the estate of his father.

The defendant Kirkpatrick, before the commencement of this action, had been requested to bring this suit, as receiver, for the benefit of the partnership estate, but had refused, and the plaintiff sues for the benefit of all concerned.

I shall consider the objections presented by the demurrer in the order inverse from that in which they are stated; and that involves the principal question, as to whether the complaint sets forth a cause of action.

Although the lands covered by the mortgage are situated in the state of New Jersey, yet the contract was made in this state, and the money was payable here, and the laws of this state upon the subject of usury attached to this transaction, and must control in the disposition of the cause (*Cope* agt. *Alden*, 53 *Barb.*, 350; *Anderson* agt. *Torrey*, 14 *N. J. Eq.*, 355; *Dolman* agt. *Cook*, 14 *N. J. Eq.*, 56).

It is urged by the learned counsel for the defendant, under these grounds of demurrer, that the complaint is fatally defective for its omission to allege that the plaintiff had tendered, before suit brought, the sum actually borrowed, with the interest thereon.

The complaint alleges no such tender, and no offer to pay any sum is made therein.

If such tender was necessary, this ground of demurrer is well taken, for the maxim which obtains in equity, that he who would have equity must do equity, has been applied to cases of this character (*Allenton* agt. *Belden*, 49 *N. Y.*, 373, 377; *Story's Equity Jurisprudence*, sec. 304).

The usury laws of this state have, in effect, abrogated this rule of equity in so far as it relates to any "borrower of money," goods or things in action, and provides that it shall not be necessary for him to pay, or offer to pay, any interest on the sum or thing, as a condition of granting relief to the borrower, in any case of usurious loans forbidden by the

statute (2 *R. S.* [*6th ed.*], 1165, 1166, *secs.* 8, 13). But with this exception in favor of the "borrower," the rule and practice in equity remains as it was before the statutes above mentioned.

The question then arises, is the plaintiff then a borrower within the section of the statute above cited?

The statute is both remedial and penal. In so far as it partakes of the former quality, it is entitled to a liberal construction; but regarded in the light of its penal character, it should be strictly interpreted and applied. In so far as the statute extends immunity to a borrower from tendering the amount received, as an incident to equitable relief, the word borrower should be taken in its accustomed sense and be limited to the one who borrows the money. Within such rule the plaintiff is not included. She prosecutes as a devisee, trustee and executor under the will of one of the borrowers. In *Wheelock* agt. *Lee* (64 *N. Y.*, 242), ANDREWS, J., says that the word "designates only the party bound by the original contract."

This subject has been much discussed in the courts, and the general current of decision is in favor of taking the word strictly, as is shown by the following cases: *Post* agt. *The Bank of Utica* (7 *Hill*, 391); *Vilas* agt. *Jones* (1 *N. Y.*, 274); *Allenton* agt. *Belden* (49 *N. Y.*, 373); *Marsh* agt *House* (13 *Hun*, 126); *Rexford* agt. *Widger* (2 *N. Y.*, 131); *Schermerhorn* agt. *Tallman* (14 *N. Y.*, 94).

It was held in *Rexford* agt. *Widger*, and in *Schermerhorn* agt. *Tallman*, that a grantee of the mortgagor was not included under the word borrower. That a devisee of the mortgagor is not a borrower was decided in *Marsh* agt. *House;* and *Wheelock* agt. *Lee* holds that an assignee in bankruptcy is not a borrower. *Allenton* agt. *Belden* holds that a surety for the borrower is not a borrower.

In *Vilas* agt. *Jones*, BRONSON, J., says: "There is no solid ground for saying that the word borrower includes one who did not borrow."

Buckingham agt. Corning.

Under the authority of *Marsh* agt. *House*, the plaintiff, as a devisee under her father's will, cannot maintain this action without a tender. And if a devisee of the mortgagor is in that condition, because not a borrower, the plaintiff, as a trustee under the will, for her sister, as to a portion of the land covered by the usurious instruments, can have no greater right. One interest she takes absolutely to herself, the other she holds in trust.

No case in terms holds that the personal representatives of the mortgagor are included in the word borrower, or are entitled to the immunity conferred by the act, except that of *Cole* agt. *Savage* (*supra*).

But that case, in so far as it announces a rule of construction, is greatly weakened by subsequent adjudications.

In addition, the disposition of that case did not necessarily call for the decision of that question.

A devisee takes the land burdened with the mortgage, and is concerned in ridding it of the incumbrance, and a grantee is in the same condition. Both are in privity with the mortgagor, but they are not parties to the usurious contract, although a surety is, but neither of them is within the category of borrowers. The office of executor has respect to the personal estate of the testator, and is not necessarily charged with any duty as to the land.

The executor, it is true, may be sued on the usurious obligation, and so may a surety, and if the latter is obliged to pay, he may have redress from his principal or out of his estate.

Liability on the contract does not, therefore, determine the question.

I think that the rule of construction and application of the statute to be gathered from the decisions, which excludes devisees, grantees and sureties from the word borrower, and the immunity extended to him, also shuts out the personal representatives of the borrower, and limits the word to its accustomed sense. The statute means simply that the borrower himself, in his lifetime, may rid his lands of the usuri-

Buckingham agt. Corning.

ous incumbrance, by a suit in equity, without a tender of the amount received by him.

If he does not avail himself of this dispensation in his favor, the right to do so dies with him.

Had the legislature intended that this peculiar remedy should be extended further, so as to embrace the representatives of the borrower, or those in privity with him, it is to be presumed it would have said so plainly. The usury act was an important work of legislation, and we may well suppose that it was deliberately and carefully prepared. In the interpretation of statutes, it is wisest to judge that the legislature used the best, as well as the shortest, mode of expressing its meaning, and that when the words used are clear, they were intended to be taken in their accustomed sense.

While exposition may enlarge the operation of a statute within its imposed limits, judicial construction cannot with propriety extend or abridge a law so clearly expressed as the one under consideration. It may be asked why, in reason, may not a privilege of this nature, conferred upon a borrower, be enjoyed by his devisee, grantee, surety and personal representatives? The answer is, that the law which creates this privilege itself so limits it. The rule above indicated also logically excludes the receiver of the partnership property and assets of James Horner & Co. from bringing the action without a tender.

It is not important in this connection to refer to the powers of a receiver with respect to the property to which he has succeeded, nor as to his duties in paying the debts of the firm. An assignee in bankruptcy has kindred powers and duties, and each takes his office through the judgment of a court.

If the executor who holds his office by the appointment of the testator is properly excluded from the word borrower, such receiver cannot be included.

The result reached, with respect to this ground of demurrer, is fatal to the complaint, and as it covers the whole case as presented, it is needless to consider any other ground.

There must be judgment for the defendant on the demurrer, with liberty to the plaintiff to amend in twenty days, on payment of costs.