Devlin agt. Shannon.

## SUPREME COURT.

James Devlin agt. John Shannon, impleaded, &c. (two cases).

*Foreclosure — Usury — Usury as a defense to a cause of action.*

Where, in a foreclosure action in which the defendant interposed the plea of usury and plaintiff had judgment in his favor at special term, the general term directed a retrial, with a submission to a jury of the question of usury, the fact subsequently set up by amended pleadings that

since the joining of issue the mortgagor had sold his interest in the mortgaged premises, and had also been adjudicated a bankrupt, did not change the legal *status* of the parties, and the question of usury must be submitted to a jury for trial.

*Special Term, June,* 1883.

THE plaintiff, as assignee of two certain bonds and mortgages executed by the defendant, brought suits to foreclose the same, to which among other defenses defendant interposed the plea of usury. The plaintiff had judgment in his favor, and upon appeal therefrom, the general term of this court decided as follows:

" PER CURIAM. — From an examination of the evidence in this case, we think substantial justice between the parties requires a retrial of the action. We deem it a proper case for the court to frame and present to a jury an interrogatory whether the transaction was usurious. The judgment should be reversed and a new trial ordered, costs to abide the event."

The cases are submitted upon the evidence taken upon the first trial, and an order amending the complaint, containing averments that since the joining of issue in said actions, the mortgagor had sold and conveyed all his interest in the mortgaged premises; and has also been adjudicated a bankrupt. These facts are admitted by the counsel for the defendant, who insists, however, that as the original answers have been allowed to stand, the relation of the parties has not been changed, and that the plea of usury still prevails.

*W. H. Arnoux,* for plaintiff.

*Henry Bishoff, Jr.,* for defendant.

LARREMORE *J.* — It does not appear that the conveyance of Shannon's interest was made subject to the mortgages or that the grantee assumed any personal liability. This fact is essential if he is to be estopped from contesting their validity (*Hetfield* agt. *Newton,* 3 *Sandf. Ch. R.,* 565 ; *Knickerbocker Life Insurance Co.* agt. *Nelson,* 78 *N. Y.,* 152 ; *Schemerhorn*

Devlin agt. Shannon.

agt. *Tallman,* 14 *N. Y.,* 93; *Hartley* agt. *Harrison,* 24 *N. Y.,* 170).

As the owner of the equity of redemption without notice of the usurious contract, and without personal liability thereupon, he is a privy in estate, and may attack or defend the security given by his grantor (*Dix* agt. *Van Wyck,* 2 *Hill,* 522; *Mason* agt. *Lord,* 40 *N. Y.,* 476; *Ord on Usury,* 131).

Plaintiff's waiver of his claim for a judgment of deficiency against the mortgagor cannot change the result. The transaction must be viewed as originally made, and there is nothing to show that the defendant ever intended to waive the defense of usury. He still holds the relation of the borrower within the statute of 1837, and, consequently, is not affected by the rulings in *Wheelock* agt. *Lee* (64 *N. Y.,* 247), *Bissell* agt. *Kellogg* (65 *N. Y.,* 437), *Buckingham* agt. *Corning* (64 *How. Pr.,* 503).

As there has been no direction of the court to the contrary, the action may be continued against the original party in interest (*Code of Civil Procedure,* sec. 756; *U. S. R. S., sec.* 5047; *Cuff* agt. *Dorland,* 7 *Abb. N. C.,* 194; *Platt* agt. *McMurray,* 63 *How. Pr.,* 149).

The legal *status* of the parties is precisely the same as it was when the case was heard on appeal, and being now submitted upon the same evidence, I have only to follow the intimation of the general term, and direct that the question of usury be submitted to a jury for trial.