(16 Misc. Rep. 249.)

### HAWLEY v. KOUNTZE et al.

(Supreme Court, Special Term, Kings County. March, 1896.)

1. USURY—WHAT CONSTITUTES.
    Where one loans money at a lawful rate of interest an exaction by him from the borrower that the latter will give him the option to purchase of him shares of stock at a fixed price, for making the loan, constitutes usury.
2. SAME—FORFEITURE BY PRIVATE BANKERS.
    Banking Act 1882 (Laws 1882, c. 409) applied to "banking associations" and "individual bankers" who were allowed to do business under the same, subject to state supervision. Sections 68, 69, relieved them and "private bankers" from forfeiture of the principal for usury, under the general usury laws, and subjected them to the forfeiture of interest only. Revised Banking Laws 1892 (Laws 1892, c. 689) dropped the designation of private bankers in the rendering of sections 68, 69, of the previous act; and in the

schedule of repealed acts at the end, which included Laws 1882, c. 409, such sections (sections 68, 69) were expressly exempted from repeal. *Held*, that private bankers by usury forfeit the interest only.

3. INJUNCTION—SALE OF SECURITIES.

An action will lie to declare void a contract for a loan because of usury, and to enjoin the sale of shares of stock which have no fixed or market value, deposited as security for such loan, the remedy at law being inadequate.

Action by Frank W. Hawley against Herman Kountze and others to declare void a certain contract for a loan, and to enjoin the sale of certain shares of stock pledged by plaintiff to defendants as security for such loan.

James McKeen, for plaintiff.

George W. Van Slyck, for defendants.

GAYNOR, J. No doubt the defendants exacted of the plaintiff, in addition to lawful interest, that he give them the option to purchase of him the shares of stock at the price fixed, for the making of the loan; otherwise there was no reason or consideration for the option. The exacting and receiving of this option in addition to lawful interest was a violation of the usury statute. Cleveland v. Loder, 7 Paige, 557. The shares of stock covered by the option are included with shares deposited as collateral to the loan, and the defendants are about to sell all of the shares, the loan being in default. This action is brought to have the contract of loan adjudged void, and to enjoin the sale of the shares of stock, and have them surrendered. The defendants are "private bankers." The banking laws, revised and combined into one act in 1882, applied generally to "banking associations" and "individual bankers" (Laws 1882, c. 409), who were thereby allowed to enjoy the privileges of and do business under the banking laws, subject to the supervision of the state banking department. The said act relieved them from the forfeiture of the principal for usury under the general usury laws, and subjected them instead only to a forfeiture of the entire interest, or, if the usury should be paid, to a penal action to be brought within two years for the recovery of twice the amount thereof; the declared purpose of the act being to put state bank associations and bankers in this respect upon the same footing as national banks. Sections 68, 69. But these sections also expressly included and gave the same relief to "private bankers," although the act did not subject them to it or to public control, viz. to the jurisdiction of the banking department. It was doubted if these provisions applied to any but "banking associations" and "individual bankers," who, as has been seen, conducted business under the regulations of the banking laws, and the supervision of the state, and thereby became in a sense public bankers; but they were held to apply to private bankers also. Perkins v. Smith, 116 N. Y. 441, 23 N. E. 31. This construction made the act incongruous, in extending this privilege to persons not answerable to its provisions, or embraced within its general scope and policy. In the new revision of the banking laws in 1892 (chapter 689) the designation of private bankers was dropped in the rendering of the said sec-

tions 68 and 69 of the act of 1882 (section 55), but in the schedule of repealed acts at the end, while the said act of 1882 is included, the said sections are expressly exempted from repeal. The act of 1892 being restricted to banking associations and individual bankers authorized and controlled thereby, I can see no object in thus keeping alive the said two sections of the act of 1882, unless to continue to "private bankers" the immunity against forfeiture of the principal under the general usury laws, for in all else the said sections are fully incorporated in the new act. To give such immunity to money lenders who choose to call themselves private bankers, and refuse to subject themselves to public regulation and supervision, while subjecting to such forfeiture all individuals who do not thus dub themselves, seems strange; but it has to suffice with the court that the legislature has so enacted.

As forfeiture of the principal may not be decreed against the defendants, it follows that the plaintiff is not entitled to an injunction pending the action to prevent the defendants from selling the shares as collaterals to pay the debt. They have the right to sell them to pay the debt. They may not, however, lawfully retain the proceeds to pay the interest; nor may they hold or sell them under the option. Chapter 237 of the Laws of 1882 has no application to this case, as it only makes lawful the payment of "any sum of money to be agreed upon in writing" for advances of money upon warehouse receipts, bills of lading, certificates of stock, and certain other specified collateral securities. The exaction in excess of interest in this case was not of a sum of money, nor was it provided for by a written agreement. I think this action is maintainable. The said shares of stock are of no fixed or market value, as the company in which they are has not got into full operation, and in an action for their conversion, or for replevin, or for the statutory penalty of twice the amount of the usurious exaction, it would be difficult, if not impossible, to prove a sum certain. Such an action is therefore not an adequate remedy. The jurisdiction of equity in cases of usury is ancient, and has been aided by our usury statute. 1 Rev. St. p. 771, pt. 2, c. 4, tit. 3; Laws 1837, c. 430; Allerton v. Belden, 49 N. Y. 373.

The injunction is continued pending the action, unless the defendants offer to receive the principal of the indebtedness in full, and surrender up the notes and the collateral and the option, in which case the injunction will be modified upon an application upon five days' notice, so as to allow the said shares of stock to be sold as collateral to pay the principal.