---

WIELAND v. FORGOTSTON et al.

(Supreme Court, Appellate Division, First Department. October 20, 1899.)

USURY—SUFFICIENCY OF COMPLAINT.

> A complaint alleging a usurious loan, a conveyance of real estate to a third person as security, and collusive transfers of the property by the lender, the trustee, and other defendants, without consideration, and with full knowledge, and intent to defraud plaintiffs, and offering to pay whatever was justly due, states a cause of action on equitable grounds, as to all defendants; the conveyances being void under the statute against usury, and a cloud on plaintiffs' title.

Appeal from special term, New York county.

Action by Wilhelm Wieland against Etta Forgotston and others. There was a judgment for plaintiff, overruling demurrers to the complaint, and defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, and O'BRIEN, JJ.

James C. De Lamare, for appellants.
Samson Lachman, for respondent.

PATTERSON, J. This action was brought against Etta Forgotston, Elisa Bernard, Anna Schomberg, and Katherine A. Barlow. The defendants Bernard and Schomberg separately demur to the complaint, each setting forth as the ground of demurrer that the complaint does not state facts sufficient to constitute a cause of action as against her. The demurrers were overruled, and from the interlocutory judgments entered thereupon the demurrants appeal.

The demurrers being based upon the single ground of the insufficiency of the complaint, we have to consider whether the action is

maintainable upon the allegations affecting these particular defendants. Those allegations connect the demurring defendants with a purpose of the defendant Forgotston, and acts in furtherance thereof, to deprive the plaintiff of his alleged equitable rights in, and ownership of, the real estate mentioned and described in the complaint. In that pleading it is set forth that on the 16th day of February, 1898, the plaintiff entered into a contract in writing with one Katherine Kohler, in and by which contract he agreed to purchase, and Kohler agreed to sell to him, a certain house and lot in the city of New York, subject to a mortgage of $30,000; that, in order to raise the money necessary to complete the purchase of the house, the plaintiff borrowed from the defendant Forgotston the sum of $1,700 for the period of 60 days, in consideration of which he agreed to pay to her the sum of $250 as interest for the loan; that it was agreed between the plaintiff and Forgotston that in order to secure her the $1,700 the title to the premises should be taken in her name, or the name of such person as she might designate, and that she should hold the deed as security until the loan should be repaid, within the 60 days, and that upon such repayment the premises should be reconveyed to the plaintiff; that the $250 was paid to Forgotston by the plaintiff; and that he also paid her on account of the loan the sum of $337. It is alleged in the complaint that the $250 was paid as interest, at the rate of $88\,4/7$ per cent. per annum, and that the contract was usurious and void. It is further alleged that Katherine Kohler, by an instrument in writing, transferred to the defendant Bernard, who was designated for that purpose by the defendant Forgotston, the premises mentioned in the complaint, and that the transfer of the title to the premises to the defendant Bernard was merely as collateral security to Forgotston for the loan. It is also alleged that, without notice to the plaintiff, the defendant Forgotston caused the defendant Bernard to execute and deliver, without consideration, a deed of the premises to the defendant Schomberg, who, a day or two afterwards, without consideration, transferred the property to the defendant Barlow; that all of the transfers were made without consideration, and were in fraud of the plaintiff's rights, and that they were made with a full knowledge of each and every of the grantors and grantees of the plaintiff's rights in the premises; that the three defendants associated with the defendant Forgotston are acting in collusion with her to defraud the plaintiff of his rights, and that Forgotston is in possession and control of the property precisely as if the record title were in her own name, and the plaintiff avers that he is willing to pay Forgotston any and all sums which may, in equity, be due and owing to her; and he demands judgment that the deed of the premises executed by Kohler to the defendant Bernard be decreed to be only collateral security, and hence may be declared to be only a mortgage upon the premises; that it may be decreed that the defendants Schomberg and Barlow have not obtained any valid title to the premises, and that a receiver be appointed of the property, and an accounting be had of the rents, issues, and profits received by the defendant Etta Forgotston; and that the premises be reconveyed to the plaintiff, and for other affirmative relief.

Under the allegations of the complaint, a suit in equity may be maintained against all of the defendants. Those allegations being true, the conveyances are void, as declared in the fifth section of the statute against usury (2 Rev. St. [9th Ed.] p. 1855). By the sixth section of the same statute it is enacted that every person taking such security may be compelled to answer in chancery for the discovery of any sum of money, goods, or things taken in violation of the statute. The obvious purpose of the original statute was to allow a discovery in aid of a defense at law. It was a remedy in equity to make effectual resistance to the enforcement at law of a security void for usury. Resort to such a remedy may be unnecessary now, and equity jurisdiction for general relief is not conferred by the provisions of the Revised Statutes concerning usury above referred to. In Minturn v. Trust Co., 3 N. Y. 500, it is said that the act of 1837 did not enlarge the class of cases in which a bill in chancery may be filed for relief, as distinguished from a discovery, and that there is nothing in the act which indicates an intention to extend the jurisdiction of the court of chancery beyond the cases which were before the statute cognizable by that court. The complaint in this action, however (the original nature of the deed to Bernard being established), contains allegations which bring the case within the jurisdiction of a court of equity, and upon purely equitable grounds. The instruments vesting title in the demurring and other defendants constitute clouds upon the title of the plaintiff, and are being, or have been, fraudulently used; and, under such circumstances, relief will be granted in equity. "The right to relief exists where, from the form of the security, the defense cannot be made available at law, or where the instrument sought to be avoided is a cloud upon the title to land, or some other necessity for the interposition of a court of equity is shown." Allerton v. Belden, 49 N. Y. 378. The plaintiff has put himself in a position to maintain the suit, by offering to do equity, namely, to pay to Forgotston all which may be justly due to her. Post v. Bank, 7 Hill, 391.

The interlocutory judgment must be affirmed, with costs, but with permission to the demurring defendant, upon the payment of the costs in this court and in the court below, to withdraw the demurrer and answer within 20 days from the entry of the order of affirmance made hereon. All concur.