Town of Thompson agt. Norris.

## SUPREME COURT.

### The Town of Thompson agt. Norris.

*State courts — When will not interfere by injunction to prevent the prosecution of a suit in a federal court — When court will not order bonds delivered into its custody pending the action.*

Where a corporation brings an action in a state court to restrain the transfer of certain bonds and annexed coupons purporting to be issued by it, and to have such bonds surrendered up and canceled, and to restrain the further prosecution of an action commenced by defendant against the plaintiff on some of these coupons, which action is now pending in the United States circuit court:

*Held, first,* that as plaintiff claims, the bonds on their face give notice of their invalidity, and no person to whom they may be transferred can be such a *bona fide* holder that plaintiff cannot set up such defense of invalidity against him, the court will not order that the bonds be delivered into its custody pending the action.

*Second.* Though the state courts will probably decide a point in one way, or even have already so decided, a state court ought not to enjoin a federal court having jurisdiction, on the ground that that court will probably decide the other way.

*Albany Special Term, July,* 1882.

Two motions are made; the one by the defendant to dissolve an injunction, the other by the plaintiff to require the deposit in court, pending the action, of the securities which are the subject of controversy.

The action is brought to restrain the transfer of a certain bond and the annexed coupons, and of certain other coupons issued (or purporting to be issued) by the plaintiff, and now the property of the defendant; to restrain, also, the further prosecution of an action commenced by this defendant against this plaintiff on some of these coupons now payable, which action is now pending in the circuit court of the United States, southern district of New York, and to compel the surrender to this plaintiff of the bond and of the coupons.

The complaint alleges that the plaintiff issued certain bonds

with coupons, including the bond and the coupons in controversy; that the issue was in violation of the statute under which the bonds and coupons were intended to be issued, in this respect, that they were exchanged for railroad stock instead of being sold for cash; that the fact of such exchange appears on the bond; that in January, 1878, in an action by one Horton against this plaintiff, the court of appeals decided that these bonds were void in the hands of a *bona fide* holder; that notwithstanding this decision the courts of the United States are rendering judgments in favor of non-residents of the state upon such bonds or coupons; that in 1878 the plaintiff was a resident of the state of New York; that in 1879 he removed to Pennsylvania, and became a resident of that place, and while a resident of Pennsylvania, purchased or claimed to purchase of residents of New York many of these coupons, and commenced an action thereon in 1879, in the circuit court of the United States, southern district New York; that the present plaintiff answered, and the action is at issue; that afterwards the plaintiff removed his residence to New York; that his removal to Pennsylvania was with the sole and only object of commencing such action, and that his purchase of the coupons was with knowledge that they could not be transferred in the courts of New York.

The defendant's answer alleges that he purchased the bond in question in 1867, in open market, in good faith, paying full value; alleges the act of the legislature, passed April 28, 1871 (*chap.* 809), validating these bonds; alleges that the action of Horton against this plaintiff was collusive, and was decided without a hearing of the *bona fide* holders of the bonds; that the circuit court of the United States, southern district of New York, has adjudged the bonds valid, and has rendered judgments on unpaid coupons, one of which judgments has been affirmed by the supreme court of the United States.

The defendant alleges that he became a resident of Pennsylvania May 1, 1878, and afterwards purchased the coupons

mentioned in the complaint, while such resident, in good faith and for a valuable consideration, and commenced an action on these coupons and on those of the bonds owned by him. He denies all other allegations not specifically answered or admitted. He further alleges the jurisdiction of the circuit court of the United States, southern district of New York, over the action commenced by him.

The papers served by the plaintiff also set up the fact of an action commenced in 1869 by *The People on the relation of Kilbourne and all Taxpayers of the Town of Thompson* agt. *Benedict and others, Commissioners of the Town of Thompson ; Crowley, Colt & Colt ; The Monticello and P. J. R. R. Co., and the Town of Thompson*, alleging the invalidity of the bonds. In that action the bonds were declared invalid by reason of defective consents, and the defendants therein were adjudged to deliver up the bonds. This judgment was entered November 21, 1872.

The affidavits of the defendant aver that he had no knowledge of that action until the service of these papers ; that the town of Thompson has had the full benefit of all the bonds, inasmuch as the railroad for which they were issued has been constructed and has been used for ten years ; that the town paid the coupons for three years ; that in 1874 an action was commenced in the circuit court of the United States, southern district of New York, by one Cooper against the town of Thompson, which was defended on substantially the same grounds, and in which a judgment was recovered in favor of the plaintiff, June, 1876 ; that another action was commenced by one Perrine, in July, 1875, in that court, with like result, and the judgment was affirmed by the supreme court of the United States, in May, 1881 ; that two other actions by Perrine against the town of Thompson, were subsequently commenced in said circuit court of the United States, southern district of New York, and a judgment recovered in favor of the plaintiff therein, which are now pending on writ of error in the supreme court of the United States.

Town of Thompson agt. Norris.

The affidavits of the defendant further allege that the case of *Horton* agt. *Town of Thompson* in which the decision below was reversed by the court of appeals, has never been retried, that the action was brought at the request of the attorney for the town and was collusive, and that every person connected with the action on both sides was interested in securing the result obtained.

On this alleged collusion, the affidavit of the plaintiff's attorney states that all the legal questions touching the validity of the bonds, were presented to the court of appeals in the case of Horton, and were thoroughly and fairly examined without any collusion. There seems to be no denial of the allegations that the action of *Horton* agt. *The Town of Thompson*, was brought at the request of the attorney of the town, and that every person connected with the action on both sides, was interested in securing the result obtained.

*Mr. Bush*, for plaintiff

*Mr. Shoudy*, for defendant.

LEARNED, *J.*—The first question is whether any ground is presented, why the court should require these securities to be surrendered to its custody pending this action. This motion is very possibly based upon a suggestion in *Thompson* agt. *Perrine* (13 *Otto*, 806). There the court, speaking of the case of the *People ex rel Kilbourne* agt. *Benedict* and others, above mentioned, and showing that the decision in that case had no effect on Perrine's rights, remarked that if the court had caused the bonds to be surrendered to its custody pending the action, it might have caused tnem to be canceled in pursuance of the final decree ; but that, as the temporary injunction was not continued, the bond passed to *bona fide* holders not bound by the decision.

It may be within the power of a court of equity thus to cause securities to be taken into its custody pending an action ; but it is a power which should seldom be exercised. The

first requisite for its exercise would be to show that the securities, at the time of the commencement of the action, were not in the hands of *bona fide* holders, and further, that the securities were of such a charactor, that they might pass into the hands of *bona fide* holders against whom a defense could not be set up which did exist against the holders when the action was commenced. Even in that case the ordinary remedy of an injunction pending the action, would be generally sufficient. But, in the present case, the plaintiff avers that the bonds in question contain on their face a notice of the fact, or of one fact, which shows their invalidity. Hence, as the plaintiff claims, no person to whom these bonds may be transferred can be such a *bona fide* holder that the town of Thompson cannot set up this defense against him. Therefore, if the plaintiff's view is correct, there is no occasion for the taking of these bonds into the custody of the court, inasmuch as no person can acquire by transfer any rights to which the alleged defect in the bond is not a complete answer.

The case of *The People ex rel. Kilbourne* agt. *Benedict* was very different. There the bonds, at the commencement of the action, were alleged to be in the possession of Crowley and others, contractors, to build the road, and it was alleged that they were offering them for sale and that there was danger that the bonds would be sold to *bona fide* purchasers, "and to become in the hands of such purchasers good and valid claims." If this were correct there would have been reason for restraining the transfer; and if an injunction were deemed insufficient there might have been some ground to ask the court to take the custody of the securities until the final decision. But no such case exists here, and there is no reason why the court should interfere with the lawful possession of the defendant. If there was any fraud or misconduct in the original issue he was no party thereto. It is sufficiently hard on him that such alleged fraud or misconduct should be made a defense to securities purchased by him in actual good faith and for full value.

Town of Thompson agt. Norris.

It is worthy of notice in passing that when the action above mentioned was commenced the parties who prosecuted it did not think, as this plaintiff now claims, that the bonds on their face would give notice of their invalidity, for the complaint alleges that if the bonds should be sold to *bona fide* purchasers they would become good and valid claims, while this plaintiff now claims that the bonds are invalid in the hands of everyone.

To require the surrender of the bonds to the custody of the court, pending the action, could only be needed as a preliminary to a final judgment for their cancellation; and the true reason which is urged why this relief should be eventually had is that an action is pending in the circuit court of the United States, southern district of New York, where it is anticipated that a judgment will be rendered against this plaintiff. The examination of this reason involves the question presented by the defendant's motion to dissolve the injunction.

*Second.* The plaintiff has obtained an injunction forbidding a transfer of the bonds and coupons and a further prosecution of the pending action. This the defendant moves to dissolve. As to the transfer of the bonds and coupons it has already been shown that the plaintiff claims to have the same defense against a transfer as against this defendant on any facts connected with the bonds. The injunction then is really aimed at the prosecution of the action in the federal courts. And the ground of the objection to that action is not that that court has no jurisdiction, or that this plaintiff cannot prove in that court the same facts which he can prove here, but that he fears that that court will on those facts decide against him, and he expects the state courts to decide in his favor.

Thus the question is, if the state courts will probably decide a point in one way, or even have already so decided, ought a state court to enjoin a federal court having jurisdiction on the ground that that court will probably decide the other way?

Under our peculiar form of government there are two sepa-

Town of Thompson agt. Norris.

rate, co-ordinate systems of courts, the state and the federal, in either of which a person may, in some instances, bring his action. There is no common appellate tribunal. Hence, it naturally follows that the decisions in the highest court of these two systems are sometimes adverse to each other. Notably on three subjects, viz., the consideration necessary to make a *bona fide* holder of a negotiable instrument, the limitation of liability of common carriers and the liability of towns for bonds issued for railroad companies, the supreme court of the United States and the court of appeals of New York are in conflict. On all of these subjects the supreme court of the United States has taken the broad view required by commercial dealings and interests. This conflict is unfortunate, but still it cannot take away the privilege of litigants to sue in whatever court the laws permit. How far the highest appellate court in each system shall consider itself to be controlled by the decisions in the other system must be left to it to decide, and it may be hoped that the influence of discussion and criticism may gradually bring the decisions of the courts into harmony, a result of which there are now some slight indications. But however this may be it does not become any court in either system to attempt to prevent a litigant from prosecuting an action whenever he may lawfully do so.

It was long ago pointed out that comity forbids the court of one state to enjoin the prosecution of actions pending in another; and it was well said that if this were done the court of the latter state might retaliate by enjoining the prosecution of the injunction suit (*Mead* agt. *Merritt*, 2 *Paige*, 404). To apply that idea to the present case Norris would only have to become a resident of Pennsylvania and to obtain an injunction from the circuit court of the United States, southern district of New York, enjoining the further prosecution of this present action. This court will not be the first to begin such an unseemly contest. The cautious manner in which in some few cases exceptions have been admitted to this general rule of comity may be seen in *Vail* agt. *Knapp* (49 *Barb.*,

299). But certainly no such exception could be based on the fact, that the court of another state might be expected to decide differently from that of the state where an injunction was sought (*See McLaren* agt. *Stanton*, 35 *Eng. L. and Eq.*, 384).

The same view applies with as much force, if not with more, to an injunction preventing the prosecution of a suit in a federal court in this state. The circuit court of the United States, southern district of New York, is not a foreign court, but it is a court within this state. The present plaintiff has been sued within its own state, and its own district, and is not called on to defend itself in a distant jurisdiction. And as has been already said, no difficulty exists in proving in that court, the very facts on which the present plaintiff relies in this action. The only thing which the plaintiff fears is that on those facts there will be a decision against it (*Town of Venice* agt. *Woodruff*, 62 *N. Y.*, 462).

There is, therefore, as the plaintiff alleges, a defense at law to the action brought by Norris. The defense is purely legal. In such a case it has been often held that a court of equity will not enjoin an action (*Minturn* agt. *Farmers, &c.*, 3 *N. Y.*, 498).

As to the question, what may be the law of the courts of this state in regard to these bonds, it is to be remarked that the case of *The People ex rel. Kilbourne* agt. *Benedict* in no way passes upon the rights of those who have bought and paid for the bonds in actual ignorance of the alleged facts making them invalid. The defendant in this action alleges that the case of *Horton* agt. *Town of Thompson*, was collusive, and the plaintiff does not deny that it was commenced at the request of the attorney for the town, and that all parties thereto were interested in procuring the decision which was obtained. Nor has there been a final decision in that case, although it may be that a second trial would only result in a judgment for the defendant therein. It is not shown therefore, that there has been a final adjudication in the courts

of this state, on facts similar to those of this case, unfavorable
to the views of the defendant.   And it is plain that none
of these litigations are binding on the defendant.   Even,
then, if the action in favor of Norris were pending in one of
the courts of this state, there would be no reason for pre-
venting him from litigating, in his own behalf, the question of
the validity of his bonds and coupons.   On the contrary, the
case of *Thompson* agt. *Perrine* (13 *Otto*), is a direct decision,
in a case like that of the defendant's, in his favor, as are also
the cases mentioned in the defendant's affidavits decided in
the circuit court of the United States, southern district of
the New York.

It is, however, urged by the plaintiff, that the decision in
*Horton* agt. *Thompson* should be conclusive of the rights of
the parties here; and it is urged that the federal courts may
not so regard the case.   Now, it is well known that the
supreme court of the United States to a certain extent
acknowledges the decisions of the courts of a state as binding
upon parties in suits pending in the federal courts.   If, there-
fore, under all the circumstances, the decision in *Horton* agt.
*Thompson* ought to control the decision of the suit now pend-
ing in the circuit court of the United States, southern dis-
trict of New York, as establishing the rights of parties, then
we may be confident that that decision will have the force to
which the plaintiff insists it is entitled.   In the case above
cited, of *Thompson* agt. *Perrine*, the question was examined,
whether the court was bound to accept the decision of *Horton*
agt. *Thompson.*   So that it may be seen that, so far as deci-
sions of the state courts have affected the rights of parties,
they are accepted by the supreme court of the United States
as statements of existing law, even though the reasoning may
not be deemed satisfactory.   Therefore, the suit which the
plaintiff seeks to enjoin is not in a court where the decisions
of the state are utterly ignored, but in a court which takes
those decisions as a part of the facts on which its judgment
is to be rendered.

Town of Thompson agt. Norris.

Still, even if this were not so, as long as the laws of the country give a party the right to bring his action in a federal court, it might be almost called a violation of those laws to enjoin an action solely on the ground that the federal court would probably decide in a manner contrary to the opinion of the state court.

The right to bring the action in the federal court means a right to have the decision of that court, whether that decision be, in the opinion of this court, just or unjust. To say that a party may litigate in a federal court, unless some state court thinks that the federal court will decide incorrectly, would be absurd.

It is said by the plaintiff that it is contrary to sound policy that the political decisions of the state, should be perplexed by repeated litigation, and subject to a construction of a statute contrary to that of a state court. It can hardly be urged at this day that towns are not, in proper cases, liable to be sued in the federal courts. If the town has contracted numerous liabilities it is liable to repeated actions; and the decisions of state courts are entitled to no more weight in favor of a town than they are in favor of a natural person. In both cases they are entitled to that weight in the federal courts which has been above referred to, and which has been often explained by the supreme court of the United States.

Again, the plaintiff urges that the decision of the supreme court of the United States in the case of *Thompson* agt. *Perrine* is in flagrant violation of the fundamental principles of the government, and is the result of a gross misunderstanding and perversion of the decision of the court of appeals. This is hard language; but if it be true, then the supreme court of the United States (which did not hesitate to reverse, with alarming promptness, its own decision in the legal tender cases) will, doubtless, on the proposed motion for a re-argument, correct its blunder.

It is alleged in the complaint that the motive of the defendant in changing his residence to Pennsylvania was that he might

Town of Thompson agt. Norris.

bring his action in the federal court. This is denied by the general denial of the answer. But the question must be one of fact, not of motive. Motive may, perhaps, be considered in determining the question of fact; but the jurisdiction of the federal court must depend on residence. If the federal court should decide that the removal of the defendant to Pennsylvania gave that court no jurisdiction, it will give judgment against him. And that is the proper tribunal to decide the question. It would seem not to be censurable for one to remove from a state owing to his fear that (in his opinion) its courts would not award him his just debts.

It may be that the plaintiff has a legal defense to the bond and to the coupons. But such defense is exceedingly inequitable. The defect alleged in the complaint is that the bonds which the plaintiff was authorized to issue were to be sold for cash and at par, and the cash expended in building the railroad; and that in fact they were exchanged for stock of the railroad. This bond was sold and was bought by the defendant. It appears by the suit of the *People ex rel. Kilbourn* agt. *Benedict*, that the bonds were delivered to the railroad company in exchange for stock, and by the company were delivered to the contractors. So that the avails of the bonds went practically as the law intended, viz., to the building of the railroad And to the improper issue of the bonds this defendant is not alleged to have been a party. Such a defense may be legal. It is nothing more.

The motion to compel the defendant to deposit securities with the court is denied, with ten dollars costs.

The injunction heretofore granted is discharged, with ten dollars costs.