## CREATH *v.* CREATH.

### (*Jackson.* May 22d, 1888.)

MORTGAGE. *Joint, by husband and wife, on lands and personalty. Homestead and dower. Marshaling securities.*

Where the wife, for the purpose of extinguishing her homestead and dower rights, joins in her husband's mortgage of his lands *and personalty*, and afterward the husband, with the secured creditor's consent, applies the personalty to his unsecured debts, the lands remain liable for the entire secured debt, to the exclusion of the wife's homestead and dower rights therein. Her rights attach only to the surplus.

Cited: Constitution, Art. XI., ¿ 2; Code, ¿¿ 2931, 2934, 2935 (M. & V.).

Cases cited and approved: Parr *v.* Fumbanks, 11 Lea, 398; Gwynn *v.* Estes, 14 Lea, 662; 28 Vt., 541; 14 Cal., 472; 12 Kan., 500; 9 Paige, 199; 8 N. Y., 110.

Cited and overruled: *Dictum* in Jarman *v.* Jarman, 4 Lea, 671.

---

FROM SHELBY.

---

Appeal from Chancery Court of Shelby County. L. LEHMAN, Sp. Ch.

POSTON & POSTON and R. D. JORDAN for Complainant.

W. D. BEARD for Respondents..

FOLKES, J. The questions presented for adjudication in this case grew out of the following facts, briefly stated:

The complainant, for the purpose of releasing dower and homestead, joined with her husband in the execution of certain trust deeds, made by him to secure creditors, upon lands and upon crops of corn and cotton. The proceeds of crops realized from private sales were applied by the debtor, with the consent of the secured creditor, to the payment of unsecured debts, leaving a large debt due the secured creditor, for which he was about to have the real estate embraced in the trust deed sold under the terms thereof, when the bill in this cause was filed by the wife of the grantor, claiming that she stood in the position of surety for her husband, as to her right of dower and homestead; and that the creditor should be charged with the amount of proceeds of sales of crops, so far as her rights are concerned.

Can such contention be sustained? We think not. The wife has not an estate in homestead during the life of the husband, but a mere right of occupancy, or the right to have same exempted from her husband's debts—except where she unites in the conveyance, with privy examination; but by uniting, she does not convey an estate of which she is seized, but merely consents that her husband may convey his estate, so as to waive her right to an exemption, which, under our law, inures to her benefit. See *Parr* v. *Fumbanks*, 11 Lea, 398.

There is nothing decided in *Jarman* v. *Jarman*, 4 Lea, 671, at variance with this; the language relied on as contra was used *arguendo*, and was unnecessary to the point adjudged.

Under the language of the Constitution, Art. XI., Sec. 2, and under the statute, § 2935, (M. & V.) Code, homestead is treated as an exemption only. The same language is substantially used as to homestead that is employed in relation to exemption of personalty. See § 2931 and § 2934.

The only substantial difference is that the husband cannot alien the one without the wife joining.

As is said in *Howe* v. *Adams*, 28 Vt., 541, the homestead law does not vest any title in the wife as to homestead during life of husband. It is at most but a negative which she has on the conveyance by the husband.

To the same effect is *Gee* v. *Moore*, 14 Cal., 472, and *Jenness* v. *Cutter*, 12 Kan., 500, in both of which States the provisions as to homestead are nearly identical with our own. In the last case the question was whether the wife, by uniting in the husband's conveyance or trust deed upon homestead, became surety, in the sense invoked here; and it was held, as we now hold, that she occupied no such relation.

It is equally true that as to her right of dower she occupies no position of surety for her husband. Up to the death of the husband, the right of the wife to dower is a mere possibility. The case is put by the complainant's counsel, apparently, upon

the same ground that the wife would occupy had she mortgaged her own property. The difference between the case at bar and as put is too obvious to need argument to establish.

What interest had she in the crops that were by her husband, in his life-time, applied to the payment of his debts, unsecured though they were, the secured creditor consenting? None.

She had *waived* her contingent right of dower, but had *conveyed* no property or estate, as she had none in the real estate of her husband, during his life, which was capable of being mortgaged or pledged by her for the payment of debts, her joining in trust deed operating only by way of release or extinguishment of her future contingent claim. *Hawley* v. *Bradford*, 9 Paige, 199; 8 New York, 110; and see *Dawson* v. *Bank of Whitehaven*, 6 Law Rep., Ch. Div., 218, where this question is learnedly discussed by Jessel, M. R., and Cotton and James, L. J., and same conclusion reached as here, reversing the decision of Bacon, V. C., reported in 4 L. R., Ch. Div., to the contrary. See also 2 Jones on Mortg., Sec. 1693.

The widow here is entitled only to be endowed out of the surplus, after the payment of the mortgage debts. *Gwynn* v. *Estes*, 14 Lea, 662.

The matters of fact and account presented upon the other questions argued at the bar, having been correctly determined by the Chancellor, who took the view of the law here stated, the decree below will be in all things affirmed.