## ROSENBAUM *et al.* V. FOSS *et al.*

1. Under the provisions of Section 4644, Comp. Laws, a junior mortgagee can maintain an action to cancel as to himself a prior mortgage void or voidable as to him, and in respect to which there is a reasonable apprehension that, if left outstanding, it may cause him serious injury by lessening or impairing the value of his security.

2. When a party would be required to introduce intrinsic evidence to defeat the title or claim of one holding or claiming under a written instrument, void or voidable as to him, the invalidity of such instrument is not apparent on its face, and such instrument does not come within the class of instruments specified in Section 4645, Comp. Laws.

3. The rule that the grantee in a quit claim deed of real property takes the property svbject to all prior equities and unrecorded deeds of his grantor, though he have no actual or constructive notice of the same, even if in force in this state (a point not decided,) has no application to a bill of sale of personal property given and intended as a mortgage; and a bill of sale to a vendee in good faith for value of all the right, title, and interest of the vendor in the personal property conveyed with a warranty of title, followed by a delivery of the possession of such personal property, is valid as against prior unfiled chattel mortgages of which such vendee had no actual or constructive notice.

4. By the provisions of Section 4382, Comp. Laws, a chattel mortgage, to operate as constructive notice, must be filed in some county in which all or a part of the property described in such mortgage is situated; and when a part of such property is situated in another county a copy of such original mortgage, duly auther ticated by the register of deeds in whose office the original is filed, must be filed in such other county or counties in order to impart constructive notice of such mortgage in such other county or counties.

5. Section 4379, Comp. Laws, is to be construed with reference to the provisions of Section 4382, and the authenticated copy mentioned in the former section is one authenticated by the register of deeds in whose office the original is filed.

(Syllabus by the Court. Opinion filed Aug. 15, 1893.)

Appeal from circuit court, Kingsbury county. Hon. J. O. ANDREWS, Judge.

Action to cancel certain mortgages of personal property. Plaintiffs had judgment, and defendants appeal. Modified and affirmed.

The facts are stated in the opinion.

*W. B. Sterling* and *Wilson & Bowers*, for appellants.

The plaintiffs' bill of sale, though absolute in form but given as security for a debt, is a mortgage and no more conveys the title than does a formal mortgage. Secs. 4348, 4350, 4358, Comp. Laws; Jackson v. Lodge, 36 Cal. 28; Raynor v. Drew, 72 Cal. 307; Murdock v. Clark, 24 Pac. 272; Railroad v. Land Co., 36 N. W. 837; Schriber v. LeClair, 66 Wis. 579; Berry v. Ins. Co., 110 N. Y. 1; Odell v. Montross, 68 N. Y. 499; Niggler v. Marvin, 34 Minn. 118; Allen v. Kemp, 29 Ia. 452. Plaintiffs, therefore, as mortgagees of personal property, cannot maintain an action to remove a cloud upon the title. Secs. 4346, 4347, 4356, 4357, 5449, Comp. Laws; Frost v. Spitely, 121 U. S. 552; VonDrachenfels v. Doolittle, 19 Pac. 518; Ely v. Railroad, 129 U. S. 291.

Plaintiffs cannot maintain this action because defendant's mortgages are not in any event a cloud on the property, in as much as if there are any defects in the filing such defects are apparent on the very papers filed. Morris v. McKnight, 47 N. W. 375; Maloney v. Finnegan, 38 Minn. 70; Cox v. Clift, 2 N. W. 118; Ward v. Dewey, 16 N. Y. 519; Farnham v. Campbell, 34 N. Y. 480; Bockes v. Lansing, 74 N. Y. 437; Briggs v. Johnson, 71 Me. 235; Sloan v. Sloan, 5 So. Rep. 603; Detroit v. Martin, 34 Mich. 170; Curtis v. East Saginaw, 35 Mich, 508; Cohen v. Sharp, 44 Cal. 29.

Plaintiffs are merely takers under a conveyance of Seefield's right, title and interest in this property. This did not constitute them a purchaser or incumbrancer of the property within the meaning of Section 4379 of Comp. Laws; they are simply encumbrancers of Seefield's right, title and interest; Seefields having already mortgaged the property to these defendants, plaintiffs' conveyance was only of Seefields' encum-

bered rights. Brown v. Jackson, 3 Wheat. 449; Oliver v. Piatt 3 How. 333; May v. LeClaire, 11 Wall. 217; Villa v. Rodriguez, 12 Wall. 323; Dickerson v. Colgrove, 100 U. S. 578; Hope v. Stone, 10 Minn. 141; Marshall v. Roberts, 18 Minn. 405; Johnson v. Roberts, 20 Minn. 189; Eaton v. Trobridge, 38 Mich. 454; Runyon v. Smith, 18 Fed. 579; Coe v. Unknown, 43 Maine 432; Bragg v. Paulk, 42 Maine 502; Adams v. Cuddy, 13 Pick. 460; Jamaica Co. v. Chandler, 9 Allan 159; Fitzgerald v. Libby, 142 Mass. 235; Dorr v. Whitney, 147 Mass. 1; Martin v. Morris, 22 N. W. 525; Baker v. Woodward, 6 Pac. 173; Richards v. Snyder, 6 Pac. 186; O'Neil v. Seixas, 4 S. Rep. 745; Schradski v. Albright, 5 S. W. 807; Emmel v. Headlee, 7 S. W. 22; Lumber Co. v. Hancock, 7 S. W. 724; McAdow v. Black, 13 Pac. 377; Allison v. Thomas, 14 Pac. 309; Pastel v. Palmer, 32 N. W. 257; Hamilton v. Doolittle, 37 Ill. 473; Gress v. Evans, 1 Dak. 387; Adams v. Ross, 30 N. J. 505; Allison v. Thomas. 14 Pac. 309; Lamb v. Wakefield, 1 Sawyer, 251, p. 257; Blanchard v. Brooks, 12 Pick. 46; Hoxie v. Finney, 16 Gray, 332.

Under the chattel mortgage law of the state of South Dakota, and of the former territory, it has never been necessary to file the original mortgage in any case. An authenticated copy can be filed in any case whether the property covered by the mortgage was in a single county or in several, and whether the original mortgage was filed or not.

The original mortgage was sent by defendants to the register of deeds with instructions to authenticate and file a copy and return the original. The only omission made by the register of the acts he should have done was the affixing of his seal on the certificate upon the copy filed. The failure of the officer to so affix his seal, which it was his duty to do, cannot destroy the filing. The filing was legally made when the original was put in the register's hands with instructions to authenticate and file a copy, and he thereupon entered it in the register index. Sec. 3272 Comp. Laws; Appleton v. Warder, 43 N. W. 791; Chandler v. Scott, 26 N. E. 797; Brook's Ap., 64

Pa. St. 127; Jones on Chat. Mort. §§ 270, 271, 272; People v. Bristol, 35 Mich. 28; Leslie v. Hinson, 3 So. Rep. 443; Lewis v. Hinman, 13 Atl. Rep. 143; Franklin Co. v. State, 3 So. Rep. 471.

If an authenticated copy of defendant's mortgage was not filed in the office of the register of deeds of Kingsbury county, the failure was solely through the negligence of the register and the rights of the defendants as mortgagees are not to be predjudiced thereby. Sec. 4386, Comp. Laws; Jones on Chat. Mort. §272; People v. Bristol, 35 Mich. 28; Marlett v. Hinman, 77 Wis. 136; Dodge v. Potter, 18 Barb. 193; Neele v. Berryhill, 4 How. 16; Lewis v. Hinman, 13 Atl. 143; Sinclaire v. Slawson, 7 N. W. 207.

The certificate endorsed by the register upon the original mortgage stating that an authenticated copy of the mortgage had been filed in his office is conclusive in favor of defendants that such authenticated copy had been filed. Ames v. Phelps, 18 Pick. 314; Tracy v. Jenks, 15 Pick. 465; Adams v. Pratt, 109 Mass. 59; Fuller v. Cunningham, 105 Mass. 442; Jones on Chat. Mort. Sec. 274.

*A. B. Melville,* for respondents.

Even though the bill of sale to the plaintiffs was intended merely as security for a debt, still it passed the legal title to the property and plaintiffs therefor can bring an action to remove a cloud from that title. Espinosa v. Gregory, 40 Cal. 58; Hughes v. Days, 40 Cal. 117; Vol. 1, Jones on Mort. § 239; McCarthy v. McCarthy, 36 Conn. 177; Fielder v. Canfield, 59 Barb. 651; Peugh v. Davis, 96 U. S. 775; Sec. 1726, Civ. C.

Each of the mortgages sought to be removed as clouds upon plaintiffs' title purported to be valid upon their face; even if void the action to remove the clould would lie. 3d Pom. Eq. Jur. 437; Sec. 2011 Civ. Code; Lane v. Lessee, 26 N. E. 111; Linnell v. Battie, 21 At. 606.

While the bill of sale from Seefield to the plaintiffs simply purported to transfer all the right, title and interest to Seefield in the property to the plaintiffs still the plaintiffs as holders of

the bill of sale in good faith and without notice and whose bill
of sale obtained prior record, are entiiled to be protected as
*bona fide* purchasers as against all who claimed any prior con-
veyances, but whose conveyances are subsequent in point of
record.   Graff v. Middleton, 43 Cal. 341;  Frey v. Clifford, 44
Cal. 335;  Fox v. Hall, 74 Mo. 315;  Boogher v. Neece, 75 Mo.
383;  Martindale Law Con.;  Rawle Cov. Title, 4th Ad.;  Devlin
Deeds, Sec. 673.   No matter what the defects in the bill of sale
executed by Seefield to plaintiff, they were absolutely cured by
plaintiffs taking possession of the property before the rights of
any third parties became fixed.   Jones on Chat. Mort. Sec. 178.

The original chattel mortgage must always be filed in the
office of the register of deeds of the county where the mort-
gaged property is situated, but if the property mortgaged is
situated in two or more counties then the register of deeds of
the county where the original mortgage is filed is authorized to
authenticate a copy or copies of the original so on file in his
office and the papers so authenticated may be filed in such other
counties with the same force and effect as if the original mort-
gage had been filed in said other counties.   Secs. 1744, 1747,
Civ. Code;  Sanger v. Free Press Co., 41 N. W. 436;  Dawes v.
Kidder, 84 N. Y. 121;  Weaver v. Barden, 49 N. W, 436.   Even
if the register of deeds of Kingsbury county had the power to
authenticate the copies filed, his certificate of authentication is
defective, in that his seal is not affixed to the certificate.
Thompson v. Shied, 38 N. W. 831;  Graw v. King, 9 N. W. 636;
Tunis v. Withrow, 10 Ia. 305;  Page v. Sweet, 10 Ia 593;  Col-
man v. Goodnow, 29 N. W. 338;  4 Wis. 46;  Irwin v. Welcher, 6
N. W. 754;  Gerardin v. Lamps, 16 N. W. 614;  Litter v. Mc-
Comes, 6 Atl. 527.   The copies therefore were not entitled to
be filed first because an authenticated copy could in no case be
filed, and second if such a copy could have been filed it was not
properly authenticated.   They therefore were not constructive
notice to the plaintiffs.   Wells Laws, Sec. 97;  Wells Laws, Sec.
98;  Wells Notice, Sec. 112;  Wells Notice, Secs. 137, 138, 139;

Parret v. Shaubert, 5 Minn. 323; 1 Jones Mort. Secs. 527, 534, 550; 4 Kent Com. 504; Pringle v. Dunn, 37 Wis. 449; 8 Conn. 549; 23 Minn. 182.

The fact that in a chattel mortgage index the register of deeds indexed a chattel mortgage as filed does not constitute notice if the file itself was imperfect; Pringle v. Dunn, 37 Wis. 463; Yerger v. Burg, 8 N. W. 769.

CORSON, J.   On January 10, 1889, one Charles W. Seefield being the owner of a certain steam flouring mill, engine house, engine, boilers, etc., situated upon lands leased from the railway company in the town of Arlington, in Kingsbury county, executed a bill of sale for the same to Rosenbaum Bros., plaintiffs herein, for the consideration of $25,000, and under which said plaintiffs took possession of said property on January 19, 1889.   Prior to the execution and delivery of said bill of sale by said Seefield to the Rosenbaums, he executed and delivered to Foss, Strong & Co., defendants herein, two mortgages to secure the payment of about $15,000, which mortgages included, among other property, the steam flouring mill, engine, engine house, boilers, etc., included in the bill of sale above described. In April, 1889, the Rosenbaums commenced this action to set aside, annul and cancel the two prior mortgages as against them, on the grounds that neither the original mortgages nor duly authenticated copies of the same were filed in the office of the register of deeds of Kingsbury county, and that the Rosenbaums had no actual notice of the same, but that purported copies of said mortgages were on file in said office that cast a cloud upon the title and interest of said Rosenbaums to the property described in their bill of sale.   An answer was filed by the defendants, and the cause was referred to a referee, who found the facts, which the court below adopted as its own findings, except one not material to a decision in this case.   Numerous exceptions were taken to the findings, all of which were overruled.   A motion for a new trial was made and denied

and judgment rendered for the plaintiffs, from which the defendants appealed.

The findings of facts are exceedingly voluminous, extending over some twenty pages of the printed abstract, but it will only be necessary for the purposes of this decision to refer to a few of them.    The bill of sale is set out in finding 5, the material part of which is as follows: ''For and in consideration of the sum of twenty five thousand dollars, to me in hand paid by Rosenbaum Brothers, the receipt whereof is hereby acknowledged, I hereby sell, assign, and make over to said Rosenbaum Brothers all my right, title and interest in and to that certain roller flouring mill, together with the engine house, engine, boiler and appurtenances thereunto belonging situate on land of the Chicago and Northwestern Railway Co., at Arlington, in the territory of Dakota;   *   *   *   to have and to hold the same forever; and I do hereby covenant and agree that said property is free and clear of all incumbrances, and that I have full power and lawful right to convey the same in the manner and form aforesaid.    All said property is situate in Kingsbury county, Dakota territory;   Dated St. Charles, Minnesota, January 10, 1889.    Charles W. Seefield.''   By the seventh finding the referee found that the respective parties stipulated that the sail bill of sale was executed and intended as a mortgage to secure the payment of ۶25,000.    The twelfth, thirteenth, and fourteenth findings are as follows:   ''(12) That after the said Charles W. Seefield had promised to give the said bill of sale and before it was given, and upon the strength of said promise, ,said plaintiffs advanced to the said Seefield a large amount of money, to-wit, thirty thousand dollars.    (13) That at the time of the taking of said bill of sale plaintiffs believed the property mentioned in the fourth finding herein to be clear' of all incumbrances, and, acting upon said belief and understanding, agreed to extend further credit if Seefield would execute a bill of sale of the same to the plaintiffs, to secure ·the sum of twenty-five thousand dollars already due.    (14) That the plaintiffs, until

after the delivery and filing of the bill of sale, and until after the time of taking possession of said property, had no actual notice that the defendants, Foss, Strong & Co., or any of them, had any mortgages upon any of the property mentioned in the fourth finding." There are a large number of findings as to the manner of making and filing copies of defendants' mortgages, but we think finding 32 gives the substance of these several findings, and is as follows: "(32) That neither of the mortgages given by said Seefield to defendants Foss, Strong & Reynolds, to-wit, mortgage dated June 23, 1884, and mortgage dated July 3, 1888, were ever actually placed on file, or became at any time a part of the records of .Kingsbury county, but were only. in the possession of the register of deeds long enough to make the endorsements thereon and to prepare authenticated copies therefrom, and, after such endorsements and copies had been made, the originals were immediately returned to the owners thereof, and the authenticated copies were kept on file."

Numerous errors are assigned, but, in our view of the case they may be condensed and stated as follows: (1) The plaintiffs, as vendees or mortgagees of the personal property described, have not such an interest in the property as will entitle them to maintain this action. (2) That the action cannot be maintained, for the reason that, if defendant's mortgages were invalid as against the Rosenbaums' bill of sale, such invalidity is apparent upon the face of the instrument. (3.) That said Seefield having only transferred his right, title and interest in the property to the Rosenbaums, they took only such interest as Seefield had in the property at the time the bill of sale was executed, and took the title subject to the mortgages outstanding against the property which were valid as against the mortgagor; in other words, the Rosenbaums took only such interest as Seefield had in the property. (4) That the authenticated copies filed in the office of the register of deeds of Kingsbury county were so filed as to give constructive notice to creditors,

subsequent purchasers, and incumbrancers in good faith for value. (5) That plaintiffs' bill of sale or mortgage was given for an antecedent debt, and the plaintiffs therefore do not come within the class of purchasers or incumbrancers in good faith for value that are authorized to question the validity of the de-fendants' mortgages.

1. It is contended by the learned counsel for the appel-lants that the respondents, by virtue of their bill of sale, exe-cuted and intended as a mortgage to secure the payment of money, acquired a lien only upon the personal property de-scribed in the bill of sale, and hence have no such interest therein as will authorize them to maintain this action It is true that in this jurisdiction a mortgage does not transfer the title to the property, but creates a lien only thereon; and it is also true that, as between the parties to the transaction, a bill of sale given and intended to secure the payment of a debt con-stitutes a mortgage only. Comp. Laws §§ 4348, 4350, 4358; Jackson v. Lodge, 36 Cal. 28; Raynor v. Drew, 72 Cal. 307, 13 Pac. Rep. 866; Murdock v. Clark (Cal.) 24 Pac. Rep. 272, 274; Wisconsin Cent. R. Co. v. Wisconsin River Land Co., (Wis.) 36 N. W. Rep. 837, 839; Schriber v. LeClair, 66 Wis. 579, 29 N. W. Rep. 570, 889; Barry v. Ins. Co., 110 N. Y. 1, 17 N. E. Rep. 405; Odell v. Montross, 68 N. Y. 499; Niggeler v. Maurin, 34 Minn. 118, 123, 124, 24 N. W. Rep. 369; Allen v. Kemp, 29 Iowa 452. But we are of the opinion that under the liberal provis-ions of Section 4644, Comp. Laws, it is not material as to the nature of the interest in or lien upon property, real or personal, a party may have to entitle him to maintain this action, and that whenever he has reasonable apprehension that an instru-ment void or voidable as to him may, if left outstanding, cause him serious injury, he can proceed in this form of action to cancel the instrument. That section is as follows: "A written instrument, in respect to which there is a reasonable apprehen sion that, if left outstanding, it may cause serious injury to a person against whom it is void or voidable, may, upon his

application, be so adjudged and ordered to be delivered up
or canceled." It will be observed that a party, to be entitled
to maintain an action under this section, is not required to have
any title or specified interest in or lien upon property, real or
personal, but that it is sufficient to maintain the action that
there is a reasonable apprehension that, if the instrument
sought to be canceled is left outstanding, it may cause serious
injury to him, and that as to him it is void or voidable. It
would seem, therefore, that any party liable to serious injury
by reason of the instrument may maintain the action to annul
and cancel the same as to him, without regard to whether or
not it affects his property, real or personal, his interest therein,
his lien upon the same, or only affects him personally. The
remedy given by that section is more comprehensive than the
remedy given in actions in equity for cancelling void or voida-
ble instruments, but the action in equity, independently of the
statute, is not confined to removing clouds upon titles to real
property, but extends to cancellation of negotiable paper before
maturity, bonds, policies of insurance, settlements, compro-
mises, awards, judgments, and chattel mortgages. Pom. Eq.
Jur. § 1377, and numerous cases cited; Jones Chat. Mort. § 347;
Hamilton v. Cummings, 1 Johns. Ch. 517; Sherman v. Fitch, 98
Mass. 59; Anderson v. Hunn, 2 Hun. 79; Town of Springport
v. Bank, 75 N. Y. 397; Railroad Co. v. Bayne, Id. 1; Town of
Wellsborough v. New York Cent. R. Co., 76 N. Y. 182; Gould
v. Bank, 86 N. Y. 75. There are two qualifications to the right
to maintain the action in equity not found in the section under
consideration. One is that it must be shown that the plaintiff
has no speedy and adequate remedy at law, (Sherman v. Fitch,
*supra,*) and the other is that in actions to cancel instruments in
cases not affecting the title to land some special facts are re-
quired to be stated in order to entitle the party to maintain the
action. Town of Springport v. Bank, *supra;* Minturn v. Trust
Co., 3 N. Y. 498; Perrine v. Striker, 7 Paige 598; Crane v.

Bunnell, 10 Paige 333; Grand Chute v. Winegar, 15 Wall. 373. These limitations being omitted from the section we are construing, we are unable to discover any principle of law that would prevent a junior mortgagee from maintaining an action to cancel a prior mortgage, void or voidable as to him, which has a tendency to lessen the value of his mortgage, or which may cause him serious injury, where, as in this state, neither party acquires title to the property, but only a lien thereon, before foreclosure and sale; and we are of the opinion; therefore, that under the provisions of that section the plaintiffs can maintain this action.

2.   The counsel for appellants further contend that, if the prior mortgages of the defendants were not properly filed, so as to impart constructive notice, their invalidity in this respect is apparent upon their face, and therefore this action cannot be maintained, as the case fails within the provisions of Section 4645. This section reads as follows: "An instrument, the invalidity of which is apparent upon its face, or upon the face of another instrument which is necessary to the use of the former in evidence, is not to be deemed capable of causing injury within the provisions of the last section." We are of the opinion, however, that this section has no application, as the invalidity of the instruments as against the plaintiffs does not appear upon their face, as the failure to properly file them can only be taken advantage of by the plaintiffs, upon proof on their part that they are subsequent incumbrancers, or purchasers in good faith for value.   The section quoted seems to embody the doctrine of the courts of equity upon that subject, and in that court it is well settled that when the party seeking to cancel the instrument, in an action against him upon the instrument or upon a title held under the instrument, would be required to give extrinsic evidence in order to defeat the action or title, or to show the invalidity of the instrument as against him, the case is not within the provisions of the section.   Pom. Eq. Jur. § 1399, and cases cited; Town of Springport v. Bank, *supra;*

Pixley v. Huggins, 15 Cal. 128; Cohen v. Sharp, 44 Cal. 30; Grant County v. Colonial & U. S. Mortg. Co., (S. D.) 53 N. W. Rep. 746. In this case the defendants' mortgages were valid without filing for record, as against Seefield, the mortgagor, and as against all persons except creditors, subsequent encumbrancers, and purchasers in good faith for value; hence, in an action by the defendants against the plaintiffs to recover the possession of the mortgaged property, they would be entitled to recover upon proof of the due execution of the mortgages; and their mere production would make out a *prima facie* case, which could only be overcome by proof on the part of these plaintiffs that they were subsequent purchasers or incumbrancers in good faith for value. This being so, the mortgages, if not properly filed, are not invalid as against the plaintiffs, until the plaintiffs have established by extrinsic evidence that they are such subsequent incumbrancers or purchasers as are protected by the statute.

3. Counsel for appellants also insist that the bill of sale from Seefield to the Rosenbaums, and under which they claim, was simply a quitclaim, transferring Seefield's "right, title, and interest" only in the property, and hence that the plaintiffs are not purchasers or incumbrancers in good faith for value, but only acquired such interest as Seefield actually had in the property, and could lawfully convey, namely, his equity of redemption. In other words, they insist that, as the defendant's mortgages were valid as against Seefield without being filed for record, they are equally valid as against the Rosenbaums. To sustain their contention the counsel for defendants invoke the doctrine held by some of the courts that a grantee of real property under a quitclaim deed takes the property subject to all equities or unrecorded deeds of his grantor, though he had no actual or constructive notice or knowledge of them. The counsel for the plaintiffs and respondents deny the proposition as applicable to conveyances of real property, and further insist that, if the doctrine is as contended for, it has no appli-

cation to the transfer of personal property or mortgages upon
the same. Without at this time discussing or deciding the
question as to the effect of a deed of real property which con-
veys the grantor's "right, title, and interest" only, as against
outstanding conveyances or incumbrances, we are clearly of
the opinion that the doctrine contended for, even if correct as
to real property, has no application to personal property,
or to sales or mortgages made of the same. Counsel for
appellants have cited a large number of authorities in support
of their proposition as applied to conveyances of real property,
but they have not called to our attention any case holding that
the doctrine contended for is applicable to transfers of personal
property, or to mortgages upon the same, and in our researches
we have not been able to find an authority so holding. There
is a broad distinction between the transfer of real and personal
property. At common law, for several centuries, real estate
could only be conveyed by writing executed with certain formal-
ities, and to the different expressions used in making the convey-
ance much importance was attached. Hence have arisen the terms
"grant," bargain and sale," "quitclaim," etc., and our statutes
have preserved some of these formalities and distinctions. A
conveyance of real estate must, in this state, be by an instru-
ment in writing or by operation of law, (Section 3245,) and
from the use of the term "grant" in a conveyance certain cove-
nants are implied, (Section 3249, Comp. Laws.) There is there-
fore some reason in the conveyance of real property for the
doctrine claimed to exist that one who accepts a "quitclaim"
deed takes with notice that there may be defects in the title,
secret equities, or prior conveyances made by the grantor, and
not recorded. But transfers of personal property are not re-
quired to be in writing. A verbal sale, accompanied by deliv-
ery of the possession, is sufficient to pass the title, and all sales
of personal property imply a warranty that the seller "has a
good and unincumbered title thereto." Section 3629, Comp.
Laws. Whether a party, therefore, makes a verbal sale, and

transfers the possession or evidences the sale by a writing which is accompanied by the possession, the seller transfers the title, and warrants that it is unincumbered. In the absence, therefore, of any statute on the subject, or the decision of any court so holding, we would not feel authorized to extend the doctrine contended for as applicable to conveyances of real property to transfers of mortgages of personal property. As we have seen, the laws governing the transfer of real and personal property are too dissimilar to warrant the application of the rules pertaining to the one to that of the other.

4. The contention on the part of the appellants that the debt secured by the bill of sale was an antecedent debt, and therefore the plaintiffs, having advanced no new consideration, were not incumbrancers in good faith for value, was not urged in the argument before this court by counsel for the appellants, and hence we shall assume, without giving the question further consideration, that the Rosenbaums were subsequent incumbrancers of the property in good faith for value, and that, as against the mortgage of the plaintiffs, the prior mortgages of the defendants were void, unless properly filed in the office of the register of deeds of the proper county, so as to operate as constructive notice to the creditors of the mortgagor or subsequent purchasers or incumbrancers of the property in good faith for value.

5. This brings us to the important question in this case, namely, were defendants' mortgages so filed as to give constructive notice to the plaintiffs, they not having actual notice of the same? It is well settled law that an instrument, to operate as constructive notice, must be executed and filed or recorded in the manner prescribed by statute. See Cannon v. Deming, (S. D.) 53 N. W. Rep. 863, and cases cited. The two sections of the statute necessary to be considered in the determination of the question presented are Sections 4379 and 4382, Comp. Laws. These sections read as follows: "A mortgage of personal property is void as against creditors of the mort-

gagor, and subsequent purchasers and incumbrancers of the property in good faith for value, unless the original, or an authenticated copy thereof, be filed by depositing the same in the office of the register of deeds of the county where the property mortgaged or any part thereof, is at such time situated." "A single mortgage of personal property, embracing several things of such character or so situated, that by the provisions of this article, separate mortgages upon them would be required to be filed in different counties, is only valid in respect to the things as to which it is duly filed; but a copy of the original mortgage may be authenticated by the register of deeds in whose office it is filed, and such copy be filed in any other county with the same effect as to the property therein that the original could have been." As will be seen by the findings of fact, the court finds in this case that neither the original mortgages nor copies authenticated by any register of deeds, other than the register of deeds of Kingsbury county, were filed in Kingsbury county, where the property mortgaged was situated. Counsel for the appellants contend that filing copies authenticated by such register was sufficient, and the statute was complied with. The respondents' counsel insist that the originals must be filed in some county where a part of the property is situated, and that the register of deeds of the county where the originals were on file was the only officer authorized to authenticate a copy that could be filed in any other county. In construing the sections of the statute it is immaterial what relative position the two sections occupy in the chapter, as the court will construe all the sections relating to the subject under consideration together, and read them in such order as the sense may require. Transposing the two sections, therefore, and reading 4382 as being first in order, the intention of the legislature may become more apparent. It will be observed that that section provides that "a single mortgage  *  *  *  is only valid in respect to the things as to which it is duly filed." It will be further observed that a copy "may be authenticated by the reg-

ister of deeds in whose office it is filed, and such copy be filed in any other county with the same effect as to the property therein that the original could have been." It seems clear, therefore, that the originals must be filed in some county where the property, or a part thereof, was situated. If there could be any doubt as to the meaning of the legislature by the clause, "as to which it is duly filed," in the section, that doubt is removed by the last clause, which provides: "But a copy of the original mortgage may be authenticated by the register of deeds in whose office it is filed." We think the true construction of the section is that the original must be filed, and that the only person authorized to authenticate the copy that the law permits to be filed in another county is the register of deeds of the county in whose office the original is so filed. If, then, the original is not filed, who can authenticate the copy to be filed? What authenticated copy can be filed? One made by a register of deeds in whose office the original is not filed? Certainly not, as the law has clearly and definitely designated the officer authorized to authenticate the copy, and that is the officer, and only the officer, in whose office the original is filed. When the law specifically provides what officer may authenticate a document so that it may be filed, an instrument authenticated by any other person is necessarily invalid. Turning now to Section 4379, it will be seen that the clause "unless the original or an authenticated copy be filed" can only properly be construed in connection with Section 4382, and that the authenticated copy referred to is the one provided for in the latter section, namely, a copy authenticated by the register of deeds in whose office the original is filed, so, that, unless the original is filed, or, when the original is on file in some other office, a copy, authenticated as in that section specified, is filed, no constructive notice is given. The construction contended for by the appellants, that the original may be sent to the register of deeds of any county, who may make an authenticated copy, and file it in his office, and return the original to the

mortgagee, is untenable. It abrogates, several, if not all, of the provisions of Section 4382. But the two sections, construed as we have indicated, give effect to each and all of the provisions of the two sections, and render them consistent, and carry out what seems to us to be the clear intention of the lawmakers,—that the original mortgage must be on file in some one county, where it can be, if necessary, inspected and examined, and that the copy must be authenticated by an officer having the custody of the original.

The counsel for the appellants have sought to sustain their construction of these sections by tracing up the history of the chattel mortgage law of this state, but we think they have failed to strengthen their position by such an examination. The original chattel mortgage law of 1862 provided that "any mortgage of personal property, or a copy thereof, may be filed," etc. In 1866 the law was changed, by providing that "a mortgage of personal property is duly filed by depositing the original or an authenticated copy thereof in the office of the register of deeds where the property mortgaged is at such time situated." Section 1636. It also contained the following provision: "A single mortgage of personal property situated in more than one county, must be filed or an authenticated copy thereof in each county where any property is situated and the mortgage is only valid in respect to the property where it is duly filed as above provided." Section 1637. It will be observed that this section does not, in terms, provide for filing the original, and that it does not provide by whom the authenticated copy is to be made or authenticated. In 1877 the codifiers substituted the present Section 4382 for the one found in the law of 1866, and it will be noticed that a very material change in the section is made, by providing that the original must be filed, and providing by whom the authenticated copy can be made and authenticated, and when and where it may be filed, to have the effect of the original. These important and material changes clearly show that the codifiers intended to

make a radical change in the system of filing chattel mortgages, and to perfect the same so that the original should be always on file, and that a copy authenticated by the register of deeds having the custody of the original might be filed when necessary to preserve the lien. Thus perfected, as we have stated before, the provisions are consistent, and make a harmonius whole. To recapitulate: When the property is all in one county the original only can be filed. In such case no provision is made for filing an authenticated copy. When the property is in more than one county, then the original must be filed in some one county in which a part of the property is situated, and a copy or copies, duly authenticated by the register in whose office the original is filed, may be filed in the other county or counties. As a chattel mortgage is not required to be acknowledged, it seems eminently proper that the original should be on file in some recorder's office, where it can be inspected by parties interested in the property mortgaged. The chattel mortgage law, in this respect, is similar to the provisions of the recording act in relation to deeds not acknowledged in the usual form, but the execution established in the manner provided by Sections 3285, 3286, Comp. Laws, in which case the original instrument must remain on file in order to make the recording effectual as constructive notice. Section 3270, Id.

6. An exception was taken to findings Nos. 4 and 5, which find that Seefield was on the 10th day of January, 1889, the owner of "one steam flouring mill and elevator attached," etc., on the ground that neither in the bill of sale nor evidence is it shown that the elevator was included in the bill of sale, or attached to or an appurtenance of the mill. We think this exception should have been sustained. The referee found, and the court adopted the finding "(4) that on the 10th day of January, 1889, one Charles W. Seefield was the owner of the following described personal property, to-wit: One steam flouring mill and elevator attached, situate on the south side of the railroad track in the village of Arlington, Kingsbury county,

Dakota, known as 'Seefield's Mill and Elevator,' together with and including all the machinery, fixtures, and furniture in said buildings, and the implements connected therewith. Said building and property are all situated on railroad land under lease. This finding was duly excepted to in the court below so far as it included the elevator, on the ground that there was no evidence to support the finding as to the elevator; but the court overruled the exception, and in its judgment not only included the steam flouring mill, but elevator also. The appellants, in their fifth assignment of error; say: "The bill of sale under which plaintiffs claim in this suit gave plaintiffs no rights or interest whatever in the Seefield elevator at Arlington, and as to the elevator, at least, defendants are therefore entitled to judgment." In this we think the appellants are correct. An examination of the bill of sale under which plaintiffs claim discloses the fact that the elevator at Arlington is not mentioned. The description of the property conveyed by the bill of sale is as follows: "That certain roller flouring mill, together with the engine house, engine, boiler, and appurtenances thereto belonging, situated on land of the Chicago and Northwestern Railway Company, at Arlington, in the Territory of Dakota." It will be seen, therefore, that no elevator is mentioned in the bill of sale. If it is claimed as an appurtenant to the mill, there is no evidence in the record showing its situation or use with reference to the mill, and there is therefore no evidence upon which the court could have found it to have been an appurtenant of the mill, assuming that such a building could be an appurtenant. But whether the elevator could constitute an appurtenant to the mill under any circumstances presents a serious question. The law as laid down by Lord Coke as to appurtenances has generally been followed by text writers and courts since his time. He says that "a thing corporeal cannot properly be appurtenant to a thing corporeal, nor a thing incorporeal to a thing incorporeal." Co. Litt. 121b. Land cannot, therefore, be appurtenant to land. An easement annexed to land may pass as an

appurtenant to land conveyed, but not the land itself. Jackson v. Hathaway, 15 Johns. 454; Harris v. Elliott, 10 Pet. 25; Leonard v. White, 7 Mass. 6. In the case last cited the supreme court of Massachusetts, by Sedgwick, J., says: "By the grant of a *messuage cum pertinentiis*, a shop, annexed to it for thirty years, does not pass, unless it be found to be a parcel of the *messuage*. By the grant of a house or land *cum pertinentiis*, annother house or land does not pass, unless it be found to be a parcel. By the grant of a mill *cum pertinentiis*, the close where the mill is, or the kiln there, does not pass without same further expression. Land cannot be appendant to land; nor can it be appendant to a meadow or *messuage*. So a meadow cannot be appurtenant to a pasture, nor a pasture to a wood." See, also, 1 Amer. & Eng. Enc. Law, p. 641, etc. We assume from the findings and judgment that the elevator constituted a distinct building, though attached to the mill. If a part of the mill itself, it would pass without being mentioned in the bill of sale, and hence there would be no necessity for specifying the "elavator attached." Our conclusion is that there is no evidence in the record authorizing the court to include the elevator in the judgment. The judgment of the circuit court is modified by striking therefrom the term "elevator attached" or "elevator" wherever the same occurs therein, and the judgment, so modified, is affirmed. As this appeal was necessary in order to obtain the modification of the judgment, we think each party should pay his own costs in this appeal, and it is so ordered.